**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY ALLEN HOLDEN,

Plaintiff-Appellant,

v.

WALTER DINWIDDIE and
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

Defendants-Appellees.

No. 09-7033

Eastern District of Oklahoma

(D.C. No. 6:08-CV-00211-JHP-SPS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Jeffrey A. Holden, a prisoner proceeding pro se, filed a § 1983 suit in the

United States District Court for the Eastern District of Oklahoma, alleging two

Eighth Amendment violations against corrections officers: they failed to provide

him with treatment for drug, alcohol, and sex addictions while in prison and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

forced him to live in an environment with prevalent drug use. His suit sought immediate treatment for his addictions, and either a suspension of his sentence or an alternative form of confinement. The district court granted the defendants' motion to dismiss, and Mr. Holden now appeals.

**Discussion**

Mr. Holden challenges the district court's dismissal of his complaint for failure to exhaust administrative remedies, as is required by 42 U.S.C. § 1997e(a). We review de novo a district court's dismissal for failure to exhaust. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Mr. Holden argues that he did not need to exhaust the administrative remedies in Department of Corrections (DOC) Policy, OP-090124, which sets forth an "Inmate/Offender Grievance Process," because his claims were not redressable under the DOC Policy. The DOC Policy, however, applies to "issues regarding conditions of confinement," presumably including inadequate medical treatment while incarcerated. Because Mr. Holden alleges inadequate medical treatment, he had to follow the DOC Policy procedures.

Mr. Holden argues that even if his claim fell under the DOC Policy, he met the exhaustion requirements. We disagree. The manager of the DOC Administrative Review Unit and the Nurse Manager of the DOC Medical Services office stated that they received no grievance or appeal from Mr. Holden, and such steps are required under the DOC Policy. Though Mr. Holden submitted a

Request to Staff ("RTS"), to which, allegedly, no prison officials responded in writing, this does not satisfy the exhaustion requirement. While filing an RTS is one step in the process, two sections of the DOC Policy provide a mechanism for complaining about a lack of response. *See* OP-90124, §§ IV(B)(7),V(C)(4). Mr. Holden failed to invoke this mechanism. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

In the alternative, the district court dismissed Mr. Holden's action on the ground that his prayer for relief seeks a change in his sentence rather than a change in the conditions of his confinement, and thus must be brought in a "separate proper petition for a writ of habeas corpus." Dist. Ct. Or. 3–4; *see Boutwell v. Keating*, 399 F.3d 1203, 1210 (10th Cir. 2005) (holding that where a prisoner seeks a change in punishment that would "differ[] significantly from being confined within the walls of prison," § 1983 relief is unavailable). The complaint asks that his sentence be suspended, that he be placed on house arrest, or that he be allowed to wear an ankle monitor in lieu of incarceration. Mr. Holden counters that these requests for relief are not challenges to the duration of his sentence, and even if they were, the court should have construed his claim as a habeas petition.

Even if Mr. Holden is right that a § 1983 action is the appropriate vehicle for all of the relief he seeks, his claim still falls under the DOC Policy and still fails for lack of exhaustion as previously discussed. If, however, the district court correctly concluded that his claim sounds in habeas, it properly dismissed Mr. Holden's complaint without giving him an opportunity to amend. Dismissing a pro se complaint is appropriate where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Here, any amendment would be futile because Mr. Holden has not yet exhausted his state remedies as is required by 28 U.S.C. 2241, *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000), nor has he shown that he was denied a meaningful opportunity to do so. Thus, any amendment to his complaint would be subject to dismissal.

## Conclusion

Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED**.

We remind Mr. Holden of his obligation to continue making partial payments until his $455 fee is paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-4-