**UNITED STATES COURT OF APPEALS** December 28, 2007

**TENET CIRCUIT**

ERNIE JOE FIELDS,

        Plaintiff - Appellant,

        v.

OKLAHOMA STATE
PENITENTIARY; MIKE MULLIN,
Warden; LEE MANN; JANE
STANDIFORD, Deputy Warden;
KAMERON HARVANEK, Deputy
Warden; WAYNE BRAKENSIEK;
ROCKY BINGHAM; LAYNE
DAVISON; DR. MARTIN; DEBBIE
MORTON,

        Defendants - Appellees.

No. 06-7104

(E. D. Oklahoma)

(D.C. No. 05-CV-186-FHS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

On June 15, 2005, Ernie Joe Fields, a state inmate appearing pro se, filed in

the United States District Court for the Eastern District of Oklahoma a complaint

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against the Oklahoma State Penitentiary (OSP) and nine OSP employees. He alleged claims under 42 U.S.C. § 1983 for violations of various constitutional rights, and also appears to have raised other federal-law and state-law claims. The district court dismissed all the federal-law claims for failure to exhaust administrative remedies and then exercised its discretion under 28 U.S.C. § 1367(c)(3) to dismiss the pendent state-law claims. Mr. Fields challenges the grant of summary judgment and the district court's denial of two motions to amend. We affirm the dismissal of all but one of the federal claims for failure to exhaust and affirm dismissal of the remaining federal claim on other grounds. We also affirm the denial of the motions to amend and the dismissal of the state-law claims.

## A.    Jurisdiction

We first must address our jurisdiction to hear this appeal. Mr. Fields filed his notice of appeal after the district court granted judgment to OSP and six individuals who had been served: Warden Mike Mullin, Rocky Bingham, Wayne Brakensiek, Layne Davison, Kameron Harvanek, and Jane Standiford (the Individual Defendants). But the claims against three unserved defendants were still pending, so no final order had been entered. *See* Fed. R. Civ. P. 54(b); *Atiya v. Salt Lake County*, 988 F.2d 1013, 1016 (10th Cir. 1993) (order is not a final judgment unless it disposes of all claims by all parties or is certified as a final order under Fed. R. Civ. P. 54(b)). In general a party may not appeal until entry

of a final order. *See* 28 U.S.C. § 1291; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988). The notice of appeal was therefore premature. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 643 (10th Cir. 1988). A premature notice of appeal may ripen, however, upon entry of a subsequent final order, *see* Fed. R. App. P. 4(a)(2); *id.* at 645–46, so long as the order leading to the premature notice of appeal has some indicia of finality and is likely to remain unchanged during subsequent court proceedings, *see FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 277 (1991); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 778 (10th Cir. 1993); *Reed v. McKune*, 153 Fed. App'x 511, 513 (10th Cir. 2005) ("Another limitation implicit in the *Lewis* standard is that the order leading to the premature notice of appeal must have independent indicia of finality."). Those conditions were satisfied, when the district court completely disposed of the case by dismissing the unserved defendants, so the notice of appeal ripened. Hence, we have jurisdiction to review the court's orders granting summary judgment. Although Mr. Fields did not designate in his notice of appeal the court's order denying his motions to amend, a notice of appeal that names the final judgment is sufficient to support jurisdiction over earlier orders that merged in the final judgment. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994).

**B.     Summary Judgment**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires

that a prisoner exhaust administrative remedies before filing a federal-law action

with respect to prison conditions.[1]  "An inmate who begins the grievance process

but does not complete it is barred from pursuing a [federal] claim under the PLRA

for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d

1030, 1032 (10th Cir. 2002).  To exhaust administrative remedies an inmate must

properly comply with grievance procedures; substantial compliance is

insufficient.  *See id*.  In this case Mr. Fields was required to complete the inmate-

grievance process established by the Oklahoma Department of Correction

(ODOC).

OSP and the Individual Defendants moved in district court for summary

judgment on the ground that Mr. Fields had failed to exhaust his remedies under

the ODOC grievance process.  Mr. Fields responded and also submitted motions

for leave to amend his complaint.  The proposed amended complaint does not

appear in the record on appeal, but it was apparently attached to a pleading filed

in response to the *Martinez* report ordered by the court.  *See Martinez v. Aaron*,

570 F.2d 317 (10th Cir. 1978).  The court denied the motions to amend.  It

---

[1] Section 1997e(a) states:
No action shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal Law, by a prisoner
confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

characterized the proposed amended complaint as "apparently . . . [Mr. Fields's] attempt to prove he has exhausted his administrative remedies," R. Doc. 36 (Minute Order, Mar. 22, 2006), and permitted Mr. Fields additional time to prepare a response to the *Martinez* report with appropriate attachments.

On August 10, 2006, the district court granted the motions for summary judgment. We review de novo the court's finding of failure to exhaust administrative remedies. *See Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2002) *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001).

Mr. Fields filed grievances with the ODOC that apparently encompass all the actions upon which he bases his federal claims in this case. But, with one possible exception, he failed to comply with required grievance procedures, so he failed to exhaust his administrative remedies, *see Jernigan*, 304 F.3d at 1032, and cannot pursue those claims. From February 11, 2005, to August 11, 2005, Mr. Fields filed approximately 50 grievances. The defendants' brief points out that each was rejected by the ODOC for failure to comply with one or more requirements of the ODOC's grievance policy. Mr. Fields's briefs fail to address any of these alleged shortcomings. He claims only that he was hampered in exhausting his remedies and proving that he had exhausted, because he was denied access to and storage space for his legal materials. But he gives no specifics; bald allegations cannot preclude summary judgment. Moreover, as we

understand his reply brief, he acknowledges that he obtained the documents he sought in time to respond to defendants' summary-judgment motion.

Although we certainly have no obligation to examine each of the ODOC's denials of Mr. Fields's grievances to see whether each grievance was in fact flawed, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (it is not the proper role of courts to act as an advocate for pro se litigants), we note that Mr. Fields may have exhausted a medical claim in connection with a grievance he filed on February 23, 2005. Under this court's precedent before *Jones v. Bock*, 127 S. Ct. 910 (2007), this possibility would have been irrelevant because under the "total exhaustion" rule established in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188–89 (10th Cir. 2004), the presence of even one unexhausted claim in the inmate's complaint required the district court to dismiss the action in its entirety without prejudice. In *Jones*, however, the Supreme Court rejected the total-exhaustion rule, instructing that courts should proceed with the exhausted claims and dismiss the unexhausted claims without prejudice, rather than dismiss the entire action. *See* 127 S. Ct. at 924–26. Therefore, if Mr. Fields were able to show that he has exhausted any of his federal-law claims, he would be entitled to proceed with those claims in the district court.

Nevertheless, even if Mr. Fields properly pursued his medical claim through the ODOC grievance procedure, remand would not be appropriate. Defendants Dr. Martin and the OSP are the only named defendants implicated in

Mr. Fields's medical claim. Dr. Martin, however, was not dismissed from this case on summary judgment. Rather, he was one of the three defendants granted dismissal because Mr. Fields failed to serve them. Mr. Fields has not challenged the district court's dismissal without prejudice of those three defendants. (And if he had, his challenge would not succeed. It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served, *see* form USM-285; the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.) Therefore, Mr. Fields may not proceed with a claim against Dr. Martin. As for the OSP, Mr. Fields may not proceed with a claim against it because such a claim is barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631–32 (10th Cir. 1988).

### C. Motions for Leave to Amend

We review for abuse of discretion the district court's denial of Mr. Fields's motions to amend his complaint. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). We discern no error by the court. The court characterized the proposed pleading as not really an amended complaint but an effort to show exhaustion. Mr. Fields does not dispute this characterization. Because Mr. Fields was given an additional opportunity to file such support, he suffered no prejudice. Of course, we could also reject the appeal of this ruling on the ground that

Mr. Fields has not provided an adequate record on appeal. *See Taylor v. Phelan*, 9 F.3d 882, 884 n.4 (10th Cir. 1993) (declining to address an issue when evidentiary materials necessary for proper consideration of the issue are not included in the record on appeal).

## D.     State-Law Claims

Because we affirm the dismissal of all Mr. Fields's federal-law claims, dismissal of his state-law claims under 28 U.S.C. § 1367(c)(3) was proper.

The judgments of the district court are AFFIRMED. We DENY Mr. Fields's Motion for Reconsideration filed in this court on December 26, 2006; to the extent that it seeks relief on appeal, Mr. Fields had the opportunity to address the issues in his later briefs to this court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge