**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEITH CLAYTON BROOKS, JR.,

    Plaintiff - Appellant,

v.

RON JOHNSON, Physician's
Assistant; JUDY FENDER,
Administrator; CORRECTIONAL
HEALTHCARE MANAGEMENT;
TERRY MAKETA, El Paso County
Sheriff,

    Defendants - Appellees.

No. 08-1124
(D.C. No. 07-CV-00417-EWN-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

---

    Plaintiff-Appellant Keith Clayton Brooks, Jr. appeals from the dismissal of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his Fourteenth[1] Amendment claims for $800,000 in damages against a county sheriff, an institutional medical care provider and two of its personnel. 42 U.S.C. § 1983. Mr. Brooks contends that the Defendants were deliberately indifferent to his serious medical needs while he was a pretrial detainee. Mr. Brooks was shot in an altercation with police, and a bullet lodged in his hip and lower back. He was taken to a hospital, and later released to the El Paso County Sheriff's Department. He contends that he was denied adequate pain medication, medical care, and forced to maneuver without support in such a way to aggravate his injury.

Defendants moved to dismiss on the grounds that Mr. Brooks had failed to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense upon which the Defendants bear the burden of proof. Jones v. Bock, 549 U.S. 199, 215-16 (2007). The magistrate judge determined that summary judgment was warranted because the Defendants had established that Mr. Brooks had failed to appeal any of the five grievances concerning the denial of medical care. I R. Doc. 63 at 9-10. The grievance procedure provides that (a) an inmate is entitled to one level of appeal to a staff member one rank higher than the staff member who provided the response to the

---

[1] As a pretrial detainee, Mr. Brooks' claims would arise under the Fourteenth Amendment rather than the Eighth. Bell v. Wolfish, 441 U.S. 520, 535, n.16 (1979).

grievance and (b) the appeal must be filed within five days of the response.[2]  I R. Doc. 35-2, Ex. A at 61-62.  Mr. Brooks objected to the magistrate judge's recommendation and the district court then overruled the objections, accepted the magistrate's recommendation and entered judgment in favor of Defendants.  I R. Doc. 73, 74.  A few days later, Mr Brooks filed a reply concerning his objections, indicating that he was unaware of the need for an affidavit or declaration to support his allegations—his reply contained a declaration addressing the facts as he saw them.  I R. Doc. 75.

Regardless of the relief sought or its availability in the administrative scheme, Mr. Brooks was required to exhaust.  See Porter v. Nussle, 534 U.S. 516, 532 (2002) (PLRA applies to all suits about prison conditions); Booth v. Churner, 532 U.S. 731, 740-41 (2001) (exhaustion required regardless of the availability of relief).  Proper exhaustion requires compliance with the steps of a prison's grievance procedure.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Beginning the grievance process is not sufficient; an inmate must complete it.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Our review of the district court's order is de novo.  Id.; Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2008).  On appeal, Mr. Brooks essentially argues that (1) the district court prematurely granted summary

---

[2]  This latter requirement requires some inference, but it is clear that an appeal is available.

judgment to Defendants, (2) the failure to provide an adequate administrative grievance is itself a Constitutional violation, (3) the district court may have conflated qualified immunity with an affirmative defense, (4) the district court should not have dismissed this action without discovery, (5) the district court improperly relied upon a declaration of the legal advisor to the El Paso County Sheriff (Charles Greenlee) concerning the grievance procedures and Mr. Brooks' non-compliance because (a) the declaration is not based upon personal knowledge and (b) documents attached to the declaration contain inadmissible hearsay, (c) reliance upon it and the supporting documents is contrary to the rules of evidence (6) summary judgment was improper without affidavits from the prison officials who actually responded to his grievances explaining when and how the responses were served, (7) two of the grievance forms contain admissions that the grievances were misplaced for some time, thereby suggesting a genuine issue of material fact as to the adequacy of the grievance process, (8) the district court improperly resolved material disputed facts in favor of Defendants, (9) a finding of failure to exhaust is not warranted where (a) the grievance policy lacks sufficient direction about how to proceed, (b) the grievance policy is used to defeat valid complaints, (10) the district court should have considered Mr. Brooks' belated affidavit to defeat summary judgment, and (11) the district court should not have granted the sheriff's motion to dismiss, where the facts supporting lack of exhaustion don't appear on the face of the complaint.

We affirm the district court's judgment for substantially the reasons set forth in the magistrate judge's recommendation, I R. Doc. 63, and the district judge's order accepting that recommendation. I R. Doc. 73. Essentially, Mr. Brooks claimed that he did not receive all of the grievance responses and did appeal one of those responses. Without question, the Defendants had the burden of proof on the affirmative defense of exhaustion, but they certainly made a prima facie case on that defense given the Greenlee declaration and the grievances themselves which indicate dates on which responses were returned to the inmate.[3] Thereafter, it was incumbent on the Plaintiff to submit material showing a genuine issue of material fact for trial with specific facts tending to show that he either filed an appeal (at some time) or was prevented from doing so. He did neither.

His belated declaration was untimely; even assuming that a reply to a response to an objection is permissible, such timing would totally deprive one's opponents of the opportunity to respond. Although Plaintiff argues that he thought all of his pleadings were made under oath and under penalty of perjury, and argues that his lack of familiarity with the rules of civil procedure caused the problem, we note that the magistrate judge's recommendation specifically put him on notice of the need to respond with something more than mere argument. I R. Doc. 63 at 11-12. No reason is suggested why he did not attempt to address this

---

[3] The grievance forms contain a line for that purpose.

problem until filing a reply (and by then judgment had been entered).

AFFIRMED.  We GRANT the motion to proceed IFP and Mr. Brooks is reminded that he must continue to make partial payments until the remaining filing fee is paid in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge