**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LOYDALE KIRVEN,

      Plaintiff - Appellant,

v.

CURRY COUNTY DETENTION
CENTER; WARDEN JOHNSON;
CHRIS SENA, et al., in their
individual and official capacity,

      Defendants - Appellees.

No. 09-2026
(D.C. No. 06-CV-01212)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

---

Proceeding pro se, New Mexico state prisoner Loydale Kirven appeals the

district court's dismissal of the civil rights complaint he brought pursuant to 42

U.S.C. § 1983. See 1 R. Doc. 1. The claims asserted in Mr. Kirven's complaint

arose from an incident in which Mr. Kirven was placed in a restraint chair and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

subsequently subdued with a taser by prison officials. See 1 R. Doc. 1, at 2. Mr. Kirven alleged violations of his Eighth and Fourteenth Amendment rights in connection with the incident. See 1 R. Doc. 1, at 2. Defendants moved for summary judgment, arguing that Mr. Kirven failed to exhaust his administrative remedies. 1 R. Doc. 38. The district court, adopting the report and recommendation of a magistrate judge, granted the motion and Mr. Kirven now appeals. 1 R. Doc. 55; see 1 R. Docs. 38, 50, 58.

This court conducts a de novo review of a dismissal for failure to exhaust administrative remedies. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA) requires that "available" administrative remedies be exhausted prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). As such, in order to exhaust under Curry County Detention Center policy, an inmate must first attempt to "resolve grievances on an informal basis with any on-duty Detention Officer." 1 R. Doc. 35, at Ex. 8. If unsuccessful, an inmate is then permitted to file a formal written grievance that must be submitted on an Inmate Grievance Form within twenty-four hours of the complained-of incident. 1 R. Doc. 35, at Ex. 8.

In his appeal, Mr. Kirven claims to have complied with this administrative procedure "by filing a grievance," of which he was not given a copy. 1 R. Doc. 51. As discussed by the district court, Exhibit 6 of the Martinez Report, which Mr. Kirven claims constitutes his grievance, is simply a furlough request that

makes no mention of the incident or any injuries he sustained as a result of it. See 1 R. Doc. 50; see also 1 R. Doc. 35, at Ex. 6. In addition, in his appellate brief, Mr. Kirven claims that records of his medical treatment, a police report, and various photographs of his injuries, which he alleges would establish his grievance, were omitted from the Martinez Report. Aplt. Br. at 3. However, even with these omitted documents, Mr. Kirven cannot establish exhaustion of the administrative procedure, as required by the PLRA. See Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures . . . ."). Furthermore, we do not pass on the substantive adequacy of that policy, as Mr. Kirven urges, and thus need not address his argument that the psychological damage he allegedly suffered precluded his compliance with it. See Aplt. Br. at 2. The PLRA plainly requires exhaustion of administrative remedies, and Mr. Kirven has failed entirely to demonstrate any attempt at compliance with the policy as set forth in Exhibit 8 of the Martinez Report. See 1 R. Doc. 35, at Ex. 8.

Therefore, the district court's judgment dismissing Mr. Kirven's complaint is AFFIRMED, except that the dismissal is without prejudice. Mr. Kirven's application to proceed in forma pauperis on appeal is GRANTED, see 1 R. Doc. 63, but he is reminded that he remains obligated to continue making partial

payments until his appellate filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge