FILED
United States Court of Appeals
Tenth Circuit

April 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENChapter CIRCUIT

---

JACOB BARRETT,

      Plaintiff - Appellant,

v.

DAVID ORMAN; RANDALL
WORKMAN; DEBBIE L. MORTON;
MAX WILLIAMS,

      Defendants - Appellees.

No. 10-7000
(D.C. No. 09-CV-00064-FHS-SPS)
(E.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

      Plaintiff-Appellant Jacob Barrett, a state inmate proceeding pro se, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action as well as the court's

denial of his motion to amend his complaint.  Mr. Barrett sued David Orman, the

mailroom administrator at the Oklahoma State Penitentiary ("OSP"), Marty

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Sirmons,[1] the warden of OSP, Debbie L. Morton, the director's designee of the Oklahoma Department of Corrections ("ODOC"), and Max Williams, the director of the Oregon Department of Corrections, for violations of his free speech rights under the First Amendment and his due process rights under the Fourteenth Amendment. Finding that Mr. Barrett put forth enough facts to state a plausible claim of relief against Defendants Orman, Workman, and Morton, we reverse the district court's dismissal as to those defendants. We affirm the district court's dismissal as to Defendant Williams and the court's denial of Mr. Barrett's motion to amend his complaint.

Mr. Barrett is an Oregon prisoner serving his sentence in the custody of ODOC at OSP. 2 R. 192. Mr. Barrett alleges that Defendants have rejected mail sent to him "without Written Notice, a statement of reasons for the rejection/withholding of the mail, or an opportunity to be heard." 1 R. 140. Mr. Barrett filed a grievance with ODOC, complaining that ODOC returned certain mail to its sender without "a notice or reason for the violation. . . . Pursuant to OP-030117(8)(b) I am entitled to a notice of mail violation." 1 R. 24. ODOC denied relief on both the grievance and appeal. 1 R. 126, 142.

Mr. Barrett then sued under 42 U.S.C. § 1983, alleging that the rejection of his mail violated his freedom of speech under the First Amendment and his right

---

[1] Randall Workman, the current warden of OSP, has been automatically substituted for Mr. Sirmons as the correct party under Federal Rule of Civil Procedure 25(d).

to due process under the Fourteenth Amendment.  1 R. 140, 143-44.  Defendants Orman, Sirmons, and Morton moved to dismiss the suit under Rule 12(b)(6), arguing that: the violation of prison procedure alone does not constitute a constitutional violation; Mr. Barrett allegedly tried to extort a settlement; the complaint did not personally link Defendants Sirmons and Morton to the alleged constitutional violation; and Defendants were entitled to immunity under the Eleventh Amendment.  1 R. 208-16.  Defendant Williams moved to dismiss under Rule 12(b)(2) and (6), based on the lack of personal jurisdiction and his lack of any personal participation.  1 R. 230-33.  The district court granted both motions to dismiss in a single order.  Barrett v. Orman, No. CIV-09-64-FHS-SPS, 2009 WL 5101959, at *1 (E.D. Okla. Dec. 16, 2009).  The court granted Mr. Williams's motion because the complaint failed to allege any personal participation.  Id. at *1.  As to Defendants Orman, Sirmons, and Morton, the court found that Mr. Barrett failed to state a claim on which relief can be granted.  According to the district court, the "amended complaint only alleges that defendants failed to follow policy regarding returned mail."  Id. at *2.  Because a "violation of a prison regulation cannot rise to the level of a constitutional violation," the court granted these defendants' motion to dismiss.  Id.  Separately, the district court denied Mr. Barrett's motion to amend his complaint.  1 R. 8.

Mr. Barrett appeals, arguing that the district court erred in three respects: in construing the nature of his cause of action and not liberally construing his

- 3 -

pleadings; in granting the motion to dismiss as to Defendants Orman, Sirmons, and Morton based on the finding that he only alleged a violation of prison regulations; and in granting the motion to dismiss as to Defendant Williams. Aplt. Br. at 3. We have jurisdiction under 28 U.S.C. § 1291.

"We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss." Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). We accept as true well-pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Id. at 1949 (internal alterations, citations, and quotations omitted). But dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Although a violation of a prison regulation is not automatically a constitutional violation, Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002), Mr. Barrett nonetheless stated a valid constitutional claim even without the liberal pleading standards typically accorded to pro se litigants.[2] In both his original and

---

[2] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the district court "can reasonably read the pleadings to state a valid claim," the court should excuse such deficiencies as "the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. "In addition, pro se litigants are

amended complaints, Mr. Barrett clearly and repeatedly couched his claim in terms of *constitutional* violations. 1 R. 15, 17-19, 140, 143-44. Neither the original nor the amended complaint ever mentioned a violation of prison regulations. 1 R. 10-22, 138-46. In other pleadings, Mr. Barrett provided multiple, valid case citations in support of his theory that the rejection of his incoming mail without notice, a statement of reasons, and an opportunity to be heard violated his First and Fourteenth Amendment rights. 1 R. 30, 151-52, 243-45, 297-300.

Of course, even under the more stringent Twombly/Iqbal pleading standard, Mr. Barrett did not need to cite specific cases in his complaint to survive a Rule 12(b)(6) motion. Rather, a complaint's facts must state a facially plausible claim. Twombly, 550 U.S. at 570. The alleged facts in Mr. Barrett's complaints—that specific incoming mail was being rejected without any notice, statement of reasons, or opportunity to be heard—at least stated a plausible claim under the Supreme Court's decision in Procunier v. Martinez, 416 U.S. 396 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). In Martinez, the Supreme Court held that prisoners' First Amendment right to receive uncensored correspondence, "even though qualified of necessity by the circumstance of imprisonment," is a liberty interest "protected from arbitrary

to be given reasonable opportunity to remedy the defects in their pleadings." Id. at 1110 n.3. Nonetheless, the district court need not "assume the role of advocate for the pro se litigant" nor relieve the pro se plaintiff of his basic obligation to provide sufficient facts on which to base a claim. Id. at 1110.

governmental invasion." Id. at 418. To protect this liberty interest, "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." Id. at 417. In Martinez, this procedural threshold was satisfied by requirements that "an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence." Id. at 418-19; see also Jolivet v. Deland, 966 F.2d 573, 575 n.5 (10th Cir. 1992). Martinez's procedural requirements survived Thornburgh. Jacklovich v. Simmons, 392 F.3d 420, 433 (10th Cir. 2004). The confusion in this case may arise from the close similarity between ODOC's mail regulations and those "procedural safeguards" that Martinez approved.[3] Still, that similarity does not excuse ODOC's constitutional obligation to provide "minimum procedural safeguards." Whatever the merits of Mr. Barrett's claim or other grounds for dismissal under Rule 12, the facts alleged "nudged" his claim against Defendants Orman, Workman, and Morton "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

However, the claim against Defendant Williams lacked such facts. The amended complaint alleges Mr. Williams's position as director of the Oregon

---

[3] Although Mr. Barrett's prison grievances focused on violations of prison regulations and not constitutional claims, Defendants have not asserted the affirmative defense of non-exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007).

Department of Corrections and recites his personal participation in and liability for the constitutional violations. 1 R. 139-40. Such a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). Allegations of Mr. Williams's involvement are no more than "naked assertion[s]." Twombly, 550 U.S. at 557. Because the allegations against Mr. Williams do not show an affirmative link between the constitutional deprivation and his personal participation, Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), Mr. Barrett failed to state a claim on which relief could be granted against Mr. Williams.

Lastly, we review a district court's denial of a motion to amend a complaint for abuse of discretion. Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1113 (10th Cir. 2007). The district court denied Mr. Barrett's motion to amend because it failed to set forth what had been amended in the new complaint, 1 R. 8, as required by local rule. See E.D. Okla. LCvR 7.1(o). The court did not abuse its discretion in denying the motion to amend for failure to comply with local rules. See Lambertsen v. Utah Dep't of Corr., 79 F.3d 1024, 1029-30 (10th Cir. 1996).

We AFFIRM the grant of Defendant Williams's motion to dismiss, AFFIRM the denial of Plaintiff's motion to amend, and REVERSE the district court's grant of the motion to dismiss by Defendants Orman, Workman, and Morton. We GRANT appellant's motion to proceed without prepayment of fees and remind

- 7 -

appellant that he is obligated to continue to make partial payments until the filing fee is paid in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge