**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADAM BURKE,

      Plaintiff-Appellant,

v.

GARFIELD COUNTY SHERIFF'S
DEPARTMENT; LOU VALLARIO,
Sheriff of Garfield County Sheriff's
Department, in his official capacity;
SCOTT DAWSON, a Commander in
the Garfield County Sheriff's
Department, in his official capacity,

      Defendants-Appellees.

No. 09-1361
(D.C. No. 1:08-CV-00140-LTB-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

Plaintiff Adam Burke brought this civil rights action seeking redress for

two incidents in which, he alleges, staff at the Garfield County Jail improperly

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

used pepperball devices and a restraint chair on him while he was held at the jail as a pretrial detainee.  Mr. Burke did not sue the jail officers who were directly involved, but sought to hold the Garfield County Sheriff's Department, Sheriff Vallario, and Commander Dawson responsible for the officers' actions based on theories of derivative liability, alleging that inadequacies in training, supervision, and jail policy had led to the two incidents.  The defendants moved for summary judgment arguing, in pertinent part, that Mr. Burke had failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  The district court agreed and dismissed the action.  Mr. Burke now appeals.  On de novo review, *see Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007), we affirm the district court's ruling that Mr. Burke's federal civil rights claims are subject to dismissal for failure to exhaust,[1] though we remand for modification of its order to clarify that the dismissal of these claims is without prejudice.

Only a brief summary of the alleged facts relevant to the exhaustion issue need be recounted here.  The two incidents in question took place on January 24,

---

[1]     Mr. Burke's complaint also includes conclusory references to Colorado Constitutional provisions in the headings of some of his claims.  To the extent this is an effort to assert distinct non-federal claims, they would not be subject to the exhaustion requirement in § 1997e(a), which applies to "action[s] . . . brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law."  But such an effort would necessarily fail for another reason:  there is no implied cause of action under the state constitution where, as here, other remedies (particularly federal civil rights suits) are potentially available for the same alleged wrongdoing.  *See Arndt v. Koby*, 309 F.3d 1247, 1255 (10th Cir. 2002) (relying on *Bd. of County Comm'rs v. Sundheim*, 926 P.2d 545, 553 (Colo. 1996) (en banc)).

2006, and March 4, 2006. In the first, officers shot pepperballs into Mr. Burke's cell, hitting his body in several places, and then confined him in a restraint chair while ignoring his requests for medical attention. In the second, Mr. Burke was confined for a lengthy time in the restraint chair as punishment–a use for which the chair is not authorized–after a confrontation with a deputy. He also claims that officers used excessive force during this incident, injuring his shoulder. The officers' versions of these events differ, and include additional circumstances to justify use of the measures they employed, but factual disputes in this regard are not material to the dispositive exhaustion analysis.

In neither instance did Mr. Burke submit a grievance within the seventy-two hours allotted by jail policy. Indeed, the grievance forms that he insists exhausted his administrative remedies were not submitted for several months.[2] More importantly for present purposes, they do not, substantively,

---

[2] Mr. Burke argues that the untimeliness of his grievances should not defeat exhaustion because they were not denied on this procedural basis, citing *Patel v. Fleming*, 415 F.3d 1105, 1111 (10th Cir. 2005). We do not refer to the long delays here to hold that his untimeliness per se negates exhaustion. Rather, as should be apparent from our ensuing discussion, our disposition turns on the lack of a substantive connection between the jail forms under review and the incidents to which Mr. Burke insists they relate–a disconnect underscored by the absence of any remotely suggestive chronological tie. In the same vein, we need not address Mr. Burke's contention that jail personnel are responsible for his failure to complete the review process for the grievances (by withholding their responses until he had been transferred to another facility). Again, our agreement with the district court that the forms he filed substantively failed to exhaust his claims obviates consideration of any additional, procedural deficiency that may or may not defeat exhaustion here.

constitute grievances relating to the two incidents that are the focus of the pleadings in this case.

The grievance form filed June 28, 2006, which Mr. Burke insists exhausted his clams relating to the January 24, 2006, pepperball/restraint chair incident, did not even refer to the incident. Rather, it complained generally about the "[j]ail's use of tasers and pepper spray and pepperballs . . . where such drastic force is not called for and without adequate medical screening or supervision," noting that Mr. Burke "ha[s] been threate[ne]d with unjust use of one or more of these devices and this could happen again." Aplt. App. tab 15 at 1. The January 24 incident–which did not involve the tasers or pepper spray mentioned in the grievance, and did involve a restraint chair not mentioned in the grievance–is neither referenced by date nor alluded to by factual circumstances. Moreover, the grievance does not even complain that any of the cited types of force had actually been used on Mr. Burke, which would have been the obvious complaint had the grievance related to the use of pepperballs and the restraint chair on January 24. Rather, it complains more generally about being subject to the threat of such force (at unspecified times, in unspecified ways) and the continuing existence of that threat. We agree with the district court that the timing and general terms of the June 28 grievance did not "provide[] [jail] officials with enough information to investigate and address [Mr. Burke's] complaint" about the January 24 incident,

-4-

*Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The only form relating to the March 4 incident involving the restraint chair, filed July 7, 2006, is also clearly deficient, but in a different way. While it does refer to the incident, it does not charge that use of the chair was in any way improper nor does it request an investigation or seek other redress entailing such a charge. Rather, it is just a request to view a videotape recording of the time he spent restrained in the chair and that the tape be saved. Aplt. App. tab 18. At most, it suggests that, upon viewing the videotape, Mr. Burke might have decided to follow up with an actual grievance complaining about the incident depicted therein, but that never happened. Again, we agree with the district court that the July 7 grievance form did not exhaust Mr. Burke's current claims seeking redress for improper use of the restraint chair on March 4.

Mr. Burke has one more tack to take in opposing the dismissal of his action under § 1997e(a). He notes that under the Colorado Department of Corrections (DOC) regulation governing grievances, "discipline/reprimand [of DOC staff], damages for pain and suffering, and exemplary or punitive damages are not remedies available to offenders."[3] DOC Admin. Reg. No. 850-04(III)(I), found at

---

[3] Mr. Burke does not explain how the DOC regulation governs grievance procedures in a county jail, "a facility not run by the DOC." *Beecroft v. People*, 874 P.2d 1041, 1045 n.12 (Colo. 1994). But we will assume for the sake of his argument that it does.

https://exdoc.state.co.us/secure/comboweb/weblets/index.php/regulations/home.

He insists that in light of these limitations on relief, the grievance process should not be considered an "available remedy" subject to the exhaustion requirement under § 1997e(a). The governing case law does not support this argument.

While exhaustion presupposes *some* administrative remedy, it does not turn on the availability of any particular relief (including the relief a prisoner later seeks in court). So long as an administrative decision maker does not "lack[] authority to *provide any relief* or to *take any action whatsoever* in response to a complaint," "Congress has mandated exhaustion clearly enough, regardless of the [nature of the] relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001) (emphasis added); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 (10th Cir. 2003). The regulation quoted by Mr. Burke also clearly provides an available remedy in this respect, requiring authorities to afford: "A meaningful response, action, or redress requested by the offender grievant . . . which may include modification of institutional policy . . . or assurance that abuse will not recur." DOC Admin. Reg. No. 850-04(III)(I).

Finally, we note that the district court did not specify whether its dismissal was with or without prejudice. As to the federal civil rights claims dismissed for lack of exhaustion, our case law makes clear that the disposition should be without prejudice. *See, e.g.*, *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.

2009) (remanding case to district court to clarify that its dismissal of unexhausted claims was without prejudice); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139-40 (10th Cir. 2005) (same). As to any distinct state constitutional claims, however, their dismissal for the substantive deficiency explained in footnote one above would properly be with prejudice.

The judgment of the district court dismissing the action is AFFIRMED, but the case is REMANDED with directions to clarify the nature of the dismissal in accordance with the principles expressed herein.

Entered for the Court


John C. Porfilio
Circuit Judge