**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK KINKEAD,

        Plaintiff-Appellant,

v.

TERRY DURBOROW, Sheriff of
Ottawa County; RANDALL LLOYD,
Ottawa County Jail Administrator;
RUTH BENNETT, Citizen of Miami,
OK, ER Physician for
INTEGRIS-Miami; JIMMIE SOOTER,
Citizen of Vinita, OK, Craig County
Sheriff; B J FLOYD, Citizen of Vinita,
OK Craig County Jail Administrator;
ALETA SMITH-FOX, Physician
Assistant with Integris and as the
Ottawa County Jail physician
assistant,

        Defendants-Appellees.

No. 11-5120
(D.C. No. 4:08-CV-00562-JHP-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Mark Kinkead, an Oklahoma state prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants on the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Plaintiff pleaded guilty to charges of lewd acts against a child and was given a deferred sentence. He was arrested on October 12, 2006, for a probation violation and was booked into the Ottowa County Jail (OCJ). During intake, he told a nurse he was suicidal and taking Prozac but he did not provide the medical documentation required for the jail to dispense this medication. That night he was twice beaten by other inmates. Jail officials took him to the emergency room in the morning. He was examined and released back to OCJ. OCJ contracts with independent contractors to provide medical assistance at OCJ, including physician's assistant Ms. Fox-Smith. Ms. Fox-Smith is the mother of the victim of the lewd-acts crime for which plaintiff was convicted. Due to this relationship and at her request, Ms. Fox-Smith did not see or provide medical care to plaintiff while he was at OCJ. Plaintiff was transferred from OCJ to Craig County Jail (CCJ) on October 23, 2006. He was housed in protective custody at CCJ except for six days when he was placed in a holding cell after complaining of suicidal tendencies. The CCJ facilities did not have an exercise yard. A physician instructed CCJ to provide Prozac to plaintiff in February 2007.

Based on the foregoing, plaintiff filed his civil rights complaint against OCJ Sheriff Durborow; OCJ Administrator Lloyd; CCJ Sheriff Sooter; CCJ Administrator Floyd; Ms. Fox-Smith; and other defendants who have been dismissed and are not parties to this appeal. As relevant to this appeal, plaintiff alleged Durborow, Lloyd and Fox-Smith were deliberately indifferent to his medical needs by denying his requests for Prozac and other medical care at OCJ and that Durborow and Lloyd failed to protect him from inmate-on-inmate violence. He alleged Sooter and Floyd were also deliberately indifferent to his requests for Prozac and his other medical needs at CCJ, denied him access to legal materials, and prevented him from having outside exercise.

The district court granted summary judgment in favor of Ms. Fox-Smith because it found no evidence in the record suggesting that she treated plaintiff or had any knowledge of, or responsibility for, any of plaintiff's medical care needs. On appeal, plaintiff states that Ms. Fox-Smith was the contracted medical care provider at OCJ, from which he makes the speculative assertion that she was either prevented from providing him medical care or refused. Based upon our review of the record, we agree that plaintiff did not present any evidence that Ms. Fox-Smith had any knowledge of plaintiff's medical needs, had any responsibility for his medical care, prevented him from receiving treatment, or denied him access to medical personnel capable of evaluating his need for treatment. Thus, plaintiff failed to present any evidence that Ms. Fox-Smith

knowingly disregarded an excess risk to his health or safety or was in any way deliberately indifferent to any serious medical needs he had. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (articulating elements of a constitutional claim for deprivation of adequate medical care). We therefore affirm the district court's grant of summary judgment in favor of Ms. Fox-Smith.

The district court granted summary judgment in favor of Durborow, Lloyd, Sooter and Floyd because plaintiff failed to exhaust his administrative remedies before filing his civil rights complaint. "Under the Prisoner Litigation Reform Act ('PLRA'), a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted). A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by following all of the steps laid out" therein. *Id*. We review de novo the district court's conclusion that a prisoner failed to exhaust administrative remedies. *Id*.

These defendants presented evidence that both OCJ and CCJ have specific grievance procedures that require an inmate to submit a written grievance, which is then given to the jail administrator. They presented evidence that the grievance procedures are posted and available to all inmates. Plaintiff presented no evidence to dispute this. Defendants Durborow and Lloyd presented evidence, also undisputed by any evidence from plaintiff, that neither they nor others at

OCJ received any grievance filed by plaintiff relating to his incarceration or medical care and treatment at OCJ. Similarly, defendants Sooter and Floyd presented evidence that neither they nor others at CCJ received any grievances from plaintiff relating to his incarceration, medical care and treatment or lack of exercise while he was at CCJ and that he filed only one Request to Staff, which asked for hair clippers. Again, plaintiff did not present any disputing evidence.

On appeal, plaintiff contends that he complied with all "available" administrative remedies, but he did not present any evidence that he even attempted to comply with the jails' grievance procedures. He makes the conclusory assertion that the defendants thwarted, prevented, and hindered his access to the grievance procedures, again without any supporting evidence. He claims he was forced to take matters into his own hands by contacting the Oklahoma Department of Health and the Oklahoma Jail Inspector. This does not relieve him of complying with the jail's specific grievance procedures. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures. . . ."). Plaintiff claims jail officials only gave him non-carbon-copy Request to Staff forms, so he is unable to demonstrate that he exhausted the administrative remedies. But we do not pass on the substantive adequacy of a jail's grievance procedure. Plaintiff contends the defendants failed to meet their burden of proving that he did not exhaust his administrative remedies, which is

incorrect.  Defendants presented undisputed evidence of each jail's grievance procedure and undisputed evidence that plaintiff did not file a grievance.  Thus, the district court correctly granted summary judgment in favor of the remaining defendants based on plaintiff's failure to establish exhaustion of the administrative procedure, as required by the PLRA.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge