**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARNOLD A. CARY,

    Plaintiff - Appellant,

v.

JOHN W. HICKENLOOPER, Governor;
RICK RAEMISCH, Executive Director;
JAMES FALK, Warden SCF; MAURICE
FAUVEL, D.O. Physician's Assistant;
KERI MCKAY, P.A., SCF Physician's
Assistant; KELSEY PRUSHA, a/k/a
Kelsey Dellinger, R.N., SCF; KEVIN
VORWALD, Captain, SCF; VIRGINIA
PAGE, Lieutenant, SCF; JASON MOON,
Lieutenant, SCF; JAMES LUECK, Case
manager, SCF; JOSEPH HERRERA, Case
Manager, SCF,

    Defendants - Appellees.

No. 15-1348
(D.C. No. 1:14-CV-00411-PAB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Arnold A. Cary, a pro se Colorado inmate, complains that he was exposed to contaminated drinking water while confined at the Sterling Correctional Facility (SCF) in Sterling, Colorado. In his Amended Prisoner Complaint (the Complaint), brought under 42 U.S.C. § 1983, he alleges that state officials violated the Eighth Amendment because they knew of the contamination and were deliberately indifferent to it and because they denied him appropriate medical care for health problems that developed as a result of the exposure. He also alleges that state officials deprived him of his right of access to the courts by concealing the truth about the contaminated water.

The district court dismissed his access-to-the-courts claim as legally frivolous. It dismissed each of the remaining claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

## A. ALLEGATIONS

The Complaint alleges the following: First, the drinking water at SCF has been contaminated with uranium and trihalomethanes for years, resulting in Mr. Cary's exposure to various waterborne toxins during his incarceration at SCF. Prison officials and Colorado Governor John W. Hickenlooper have known about the contamination but failed to do anything to protect the inmates at SCF. Although an alternative supply of drinking water was provided to prisoners from a Colorado Department of Corrections (CDOC) facility in Cañon City, that supply is also contaminated with uranium. Warden Falk attempted to deceive Mr. Cary into

2

believing that this alternative water was safe. When Mr. Cary expressed his concerns about the alternative water to some of the defendants, they told him there was nothing wrong with it and advised him to drink the tap water at SCF if he did not like the alternative water.

Second, Mr. Cary sought medical care for health problems that developed as a result of his exposure to toxins in the water, but medical personnel at SCF were deliberately indifferent to his serious medical needs. They prescribed various medications for him that did not alleviate his symptoms because they failed to diagnose "the real problem," which is "a result of his exposure to the hazardous conditions," causing him to be "ill from low dose radiation, carcinogenic chemical, and heavy metal exposure." R. at 111-12.

Third, the defendants attempted to deceive Mr. Cary by telling him that the water at SCF was not contaminated, that a water treatment facility was put in place in 2008, and that the alternative water was clean of toxins. These fraudulent statements prevented him from accessing the courts to seek redress for his injuries resulting from the contaminated water.

## B. PROCEDURAL HISTORY

The defendants named in the Complaint in both their official and individual capacities are Colorado state officials Governor John Hickenlooper, CDOC Executive Director Rick Raemisch, SCF Warden James Falk, Captain Kevin Vorwald, Lieutenants Virginia Page and Jason Moon, SCF case managers James Lueck and Joseph Herrera, and SCF medical personnel Dr. Maurice Fauvel and

3

Kelsey Prusha (now Dillinger), R.N. (collectively, the State Defendants).[1] The

Complaint also named as a defendant Keri McKay, P.A., who was a contract medical

employee with CDOC and was separately represented.

The district court dismissed Mr. Cary's claim for denial of access to the courts

as legally frivolous under 28 U.S.C. § 1915A(b). The defendants then moved to

dismiss the remaining claims.[2] The State Defendants attached to their motion to

dismiss two documents that were referred to in the Complaint: (1) a notice from

CDOC—distributed to inmates by SCF on August 22, 2013—indicating that SCF was

receiving its water from the City of Sterling and that in February 2013 the city found

that its water contained a slightly elevated uranium level, and (2) a memorandum

issued by defendant Falk on August 28, 2013, pertaining to potential grievances from

SCF inmates about the water. We may consider these documents in evaluating the

defendants' motions to dismiss because Mr. Cary referred to them in the Complaint,

they are central to his claims, and their authenticity is not in dispute. *See Jacobsen v.

Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

The magistrate judge recommended granting the motions to dismiss. She

determined that any request for money damages against the State Defendants in their

official capacities was barred by the Eleventh Amendment. As for individual

liability, the magistrate judge determined that the Eighth Amendment conditions-of-

---

[1] The magistrate judge corrected some of the defendants' names in her report and recommendation. We use the corrected names in this decision.

[2] The State Defendants and McKay filed separate motions to dismiss. Mr. Cary filed a response that addressed only McKay's arguments.

4

confinement claim failed as to all the State Defendants, both because Mr. Cary "failed to allege sufficient facts to meet his burden of pleading a substantial risk of harm," R. at 398, and because, even if such a substantial risk existed, he failed to show that "any of the . . . State Defendants understood that there was a substantial known risk of harm and . . . acted with deliberate indifference to that risk," *id.* at 399.

Turning to the Eighth Amendment medical claim, the magistrate judge said that even though the Complaint alleged facts showing a substantial risk of serious harm to Mr. Cary's health, (1) defendant Kelsey Dillinger should be dismissed because the Complaint did not allege any facts specific to her, and (2) even assuming that the Medical Defendants (Dr. Fauvel, P.A. McKay, and Nurse Dillinger) knew of the health risk, the Complaint failed to "state a cognizable claim that these individuals failed to take reasonable measures to address [Mr. Cary's] medical needs," *id.* at 403. The magistrate judge therefore recommended that both claims, and the Complaint, be dismissed.

Mr. Cary filed timely objections with the district court. The district court entered an amended order adopting the magistrate judge's recommendation except for her conclusion that the Complaint should be dismissed in its entirety. Noting that defendants Jason Moon and James Lueck had not been served or entered an appearance and did not join in the motions to dismiss, it entered a separate order sua sponte dismissing without prejudice the claims against Moon and Lueck in their official capacities under the Eleventh Amendment and dismissing the individual-capacity claims against Moon for failure to effect timely service. The order gave

5

Mr. Cary until October 15, 2015, to show cause why Lueck should not be dismissed for lack of service.

On September 23, 2015, before the individual-capacity claims against Lueck had been resolved, Mr. Cary filed his notice of appeal. On November 3, 2015, the district court entered its final judgment that dismissed the remaining claims against Lueck for lack of service and entered judgment in favor of all defendants. The entry of this final judgment ripened Mr. Cary's premature notice of appeal, giving us jurisdiction to review the orders challenged in the notice of appeal. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007) (premature notice of appeal ripened upon later order dismissing remaining, unserved defendants).

## II. ANALYSIS

On appeal Mr. Cary does not dispute the district court's dismissal of his official-capacity claims under the Eleventh Amendment. Nor does he present an argument challenging the dismissal of the unserved defendants. We now turn to the remaining claims.

We review de novo the district court's dismissal under Rule 12(b)(6), assuming the truth of the well-pleaded factual allegations in the Complaint and asking whether the plaintiff has stated a facially plausible claim for relief. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016). "Because [Mr. Cary] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

6

## A. DELIBERATE-INDIFFERENCE CLAIMS

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To survive a motion to dismiss, the inmate must allege both an objective and a subjective component of the claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### 1. Conditions of Confinement

The magistrate judge concluded that Mr. Cary failed to satisfy the objective component of the conditions-of-confinement claim. The district court agreed, and so do we.

The notice issued to inmates on August 22, 2013, cited in the Complaint, indicates that short-term exposure to uranium at low levels is unlikely to cause adverse health effects:

> During CDOC's continued testing of the drinking water supplied by the city of Sterling to our facility, a small increase in the allowable amount of uranium was found in our drinking water during the month of July. The Colorado Department of Public Health and Environment (CDPHE) believes that uranium is not considered to be a contaminant associated with health effects from short-term exposure at the recently observed levels. However, some people who drink water containing uranium in excess of the drinking

7

water standard *over many years* may have an increased risk of getting cancer and kidney toxicity.

R. at 194 (emphasis added). The notice advises inmates who already have reduced kidney function to "seek advice from the facility medical staff." *Id.* at 194.. It also states that alternative water will be supplied and that this measure is expected to be short-term and will end "as soon as the city of Sterling's new water treatment facility is fully functional." *Id.* Nothing in the Complaint indicates that Mr. Cary has personally been exposed to water containing excess uranium at SCF for many years or at highly toxic levels, or (given the availability of an alternate water source and a new water treatment facility) that he is likely to face such long-term exposure in the future. And the Complaint does not assert that he has sought advice from facility medical staff concerning reduced kidney function.

Although Mr. Cary alleges that the alternate water source is also contaminated with uranium, we agree with the magistrate judge that the allegation is unsupported by specific, plausible facts. He refers to testing done on water and hay at Four Mile Correctional Facility (FMCF) to determine radiation content after the death of some horses there, but he does not present any facts concerning the results of this testing. He also refers to broken water pipes at a uranium mill upstream from FMCF, which allegedly allowed contaminated water to flow into the Cañon City water system, but he does not indicate the quantity of uranium that entered the water supply or whether any official source deemed it hazardous.

Nor are the allegations of individual harm sufficient to satisfy Mr. Cary's burden. He alleges that he "has been, and is continuing to be, exposed to a wide variety of waterborne toxicological hazards which have already negatively affected his health and rendered him permanently disabled." *Id.* at 104. He claims to suffer from such medical conditions as "extreme pain in his right upper abdominal quadrant," "hepatic enlargement (bloating) due to ascite fluid," "increasing abdominal girth . . . secondary to liver disease," "spider angiomas," "palmar erythema . . . and Dypuytren contractures," "vitamin deficiencies, weight loss, muscle wasting, hardening of the skin," and low blood oxygen levels. *Id.* at 112-13. But he makes only conclusory assertions that these conditions are the result of exposure to toxic water at SCF. He fails to present any specific facts to show that his exposure to minimally elevated levels of uranium or other toxins at SCF has caused or exacerbated these problems.

Because the Complaint fails to satisfy the objective component of a deliberate-indifference claim, we need not address the district court's conclusions that the claim failed to allege personal participation by most of the defendants and that it failed to sufficiently allege the subjective component of such a claim. We affirm the district court's dismissal of this claim.

## 2. Medical-Treatment Claim

We agree with the district court that Mr. Cary has failed to plausibly assert a claim for deliberate indifference to his serious medical needs. Assuming that the medical needs identified in the Complaint are sufficiently serious to satisfy the

9

objective component, he failed to establish the subjective component of the deliberate-indifference test.

He first asserts that the Medical Defendants failed to follow orders from doctors at St. Thomas More Hospital in Cañon City and Denver Health Medical Center, who ordered an MRI evaluation. But he admits that he later received the MRI. "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1209, 1210 (10th Cir. 2000). Mr. Cary makes only conclusory and unsupported allegations of harm from any delay in his receiving the MRI.

His remaining allegations establish that he received treatment for his medical conditions. Although he disagrees with the course of treatment prescribed for him, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted).

Mr. Cary also complains that on November 15, 2013, physician's assistant McKay told him to "[d]rink plenty of water it is not a problem, stay well hydrated." R., at 111, ¶ 5. He acknowledges that it is good medical advice to recommend to a patient to stay well hydrated, but claims that she "kept the uranium contamination a secret" and neglected to warn him of the toxins in the water. *Id.* We fail to see how her advice constituted deliberate indifference, particularly when SCF had announced three months earlier both that there was a problem with the water at SCF and that alternative water would be supplied for drinking purposes. Even assuming the

10

alternative water supply was contaminated, Mr. Cary does not allege that McKay was aware of that fact. The Complaint conclusorily alleges that "all defendants . . . issued statements they knew to be false . . . concerning the uranium in SCF's water," including "that SCF's alter[n]ative drinking water came from a clean source." *Id.* at 114 ¶¶ 1, 2. But it fails to allege any facts that would support this allegation with respect to McKay. Thus, he fails to show that her advice to stay well hydrated was deliberately indifferent to his serious medical needs.

## B. DENIAL OF ACCESS TO THE COURTS

Mr. Cary presents a cursory argument concerning his claim for denial of access to the courts. The Complaint asserts that the defendants fraudulently concealed the facts concerning the uranium in SCF's water. It then alleges a violation of the First, Fifth, and Fourteenth Amendments in a single, conclusory sentence: "The act of fraudulent concealment, perpetrated by all defendants has prevented plaintiff from accessing the courts of justice concerning his exposure to the hazardous condition." *Id.* at 114 ¶ 4. Mr. Cary makes no attempt to explain how the alleged concealment prevented him from accessing the courts. The claim is not plausible, particularly since he was able to file this action in federal district court. This claim is frivolous and was properly dismissed.

## C. INDEPENDENT MEDICAL EXAMINATION

After the magistrate judge issued her report and recommendation, Mr. Cary moved for an independent medical examination under Fed. R. Civ. P. 35. The magistrate judge denied his motion for an examination, with leave to refile should the

11

case survive the pending motion to dismiss.  On appeal he again requests that such an examination be ordered.  It does not appear that Mr. Cary ever refiled his motion or sought reconsideration from the district court of the magistrate judge's order denying it.  As a result of this failure, the issue of an independent medical examination is not before us on appeal.  *See SEC v. Merrill Scott & Assoc.*, 600 F.3d 1262, 1269 (10th Cir. 2010) ("[A] magistrate judge may not issue a final order directly appealable to the court of appeals.").

## III.  CONCLUSION

We affirm the district court's judgment of dismissal.

Entered for the Court


Harris L Hartz
Circuit Judge