**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE DOUGLAS,

      Plaintiff-Appellant,

v.

INTERNATIONAL ASSOCIATION
OF MACHINISTS AND
AEROSPACE WORKERS, DISTRICT
LODGE 141, a/k/a IAMAW Rocky
Mountain Aircraft Lodge 1886,

      Defendant-Appellee.

No. 09-1481
(D.C. No. 1:08-CV-01052-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

      Plaintiff Joe Douglas appears in this court pro se. He appeals from the

district court's orders: (1) that adopted the magistrate judge's recommendations

to dismiss his amended complaint for failing to state a claim for race

discrimination and to deny his motion for leave to file a second amended

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint, and (2) that denied his two motions for appointment of counsel. Concluding that the appeal is frivolous and not taken in good faith, we affirm the district court's rulings in all respects and deny plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees. *See Coppedge v. United States*, 369 U.S. 438, 446 (1962).

## I.

Plaintiff, a black male, was hired by United Airlines in October 2000 and worked as a customer service representative. He was represented by the Union, defendant International Association of Machinists and Aerospace Workers, District Lodge 141. In June 2004, plaintiff failed an on-the-job alcohol test. Rather than face immediate discharge, plaintiff agreed to a "return to work" agreement which required him to remain drug- and alcohol-free for five years and which, if violated, called for discharge with no mitigating factors considered and no opportunity for reinstatement. He subsequently tested positive for marijuana in November 2006 and was terminated on January 26, 2007. The Union represented him, unsuccessfully, under the collective bargaining agreement's grievance process—but the Union did not proceed to arbitration, having determined that further appeal would also be unsuccessful.

Plaintiff asserts a claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. In his amended complaint, he asserts that white Union members have violated the same return-to-work

agreement but were returned to active service. R. at 55, ¶ 12. He also contends that the Union put forth an inadequate defense on his behalf and failed in its duty to fairly represent him because of his "race, black[.]" *Id.* ¶ 14. He seeks reinstatement without loss of seniority or pay, reimbursement of lost retirement benefits, as well as other remedies. *See id.* at 58. He filed two motions for appointment of counsel, *id.* at 136, 261, which the district court denied, *id.* at 187, 277.

The Union filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. R. at 79. We have previously set out the elements of "a prima facie Title VII claim against a union for breach of its duty of fair representation[.]" *York v. AT&T*, 95 F.3d 948, 955-56 (10th Cir. 1996). Plaintiff is required to "show that (1) the employer violated the collective bargaining agreement with respect to the plaintiff, (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation, and (3) there was some indication that the union's actions were motivated by discriminatory animus." *Id.* In a report and recommendation, the magistrate judge concluded that plaintiff's amended complaint failed to allege any of the required elements set forth in *York v. AT&T* and, as a result, failed to state a claim. Plaintiff then tendered a second amended complaint, which the magistrate judge concluded would not cure the deficiencies of plaintiff's amended complaint.

Therefore, the magistrate judge issued a recommendation that plaintiff's motion for leave to file the second amended complaint be denied.

The district court reviewed the magistrate judge's recommendations de novo and concluded that plaintiff's allegations did "not state a claim for relief that is plausible on its face." R. at 418. The court adopted the magistrate judge's recommendations, granted the Union's motion to dismiss, and awarded the Union its costs. *Id.* at 418-19.

Plaintiff appeals the district court's denial of his request for appointment of counsel, the denial of his motion to amend his complaint, and the dismissal of his case.

## II.

We review de novo the district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint." *Id.* (quotation omitted). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We review for abuse of discretion the district court's denial of [plaintiff's] motion[] to amend his complaint." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). We also review the denial of a motion for appointment of counsel for an abuse of discretion. *Hill v. SmithKline Beecham*

*Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985).

We have thoroughly reviewed the parties' arguments in light of the record on appeal and the governing law. We are unpersuaded by plaintiff's claims of error and note that the argument in his reply brief that he was a safe employee is irrelevant to his claims against the Union. Accordingly, we affirm the district court's rulings in all respects for substantially the reasons set forth in the magistrate judge's thorough and well-written recommendations, as adopted by the district court, and for the reasons set forth in the district court's orders denying appointment of counsel.

The judgment of the district court is AFFIRMED. Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is denied, and he is directed to immediately pay the full amount of the filing fee.

Entered for the Court


Mary Beck Briscoe
Circuit Judge