**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IVETTE FIGUEROA,

       Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES,
Director DOC; MIKE JACKSON, Chief
of Medical Services; JOHN DOE,
Warden, Lexington OK; MILLICENT
NEWTON-EMBRY, Warden, Mabel
Bassett; MIKE MURRAY, Deputy
Warden, Mabel Bassett; MS. IPAYE,
Kitchen Manager; MS. AMUS, Kitchen
Supervisor; DR. MCMASTER, Doctor,
Mabel Bassett; JANE DOE, Inmate Trust
Fund; JANE DOE, Medical Accounts
Payable; MS. HURLEY, Officer,
Isolation Unit; NURSE NUNN, Mable
Bassett; DENNIS COTNER, Medical
Services; MR. HENDRICKSON, Case
Manager; VALETA DUNCAN, SATP
Director; SONI FORT, Records Officer
MBCC; MIKE MURRY, Deputy
Warden; OLA ONAJOBI, Unit Manager;
SHOLA SHOPEYIN, Unit Manager;
WARDEN ERIC FRANKLIN,

       Defendants-Appellees,

and

SHOLA SHOEPEYING; MS.
ANAYOBI, Unit Manager; JANE DOE,
Director SATP,

       Defendants.

No. 12-6099
(D.C. No. 5:10-CV-00760-M)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff Ivette Figueroa, proceeding pro se, appeals from dismissal of her 42 U.S.C. § 1983 prisoner civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Ms. Figueroa's claims arise out of her custody by the Oklahoma Department of Corrections (ODOC) during the time period 2006 through 2010. She has since discharged her Oklahoma sentence and was released from ODOC custody on August 4, 2010. She is currently in the custody of the Arkansas Department of Corrections. Ms. Figueroa's amended complaint includes allegations that ODOC prison officials discriminated against her on account of her sexual preference; denied her medical treatment, dietary needs, and toiletries; removed money from her trust account; forced her to climb stairs when unable; opened her mail; and only tolerated Christian religious activities. She seeks compensatory and punitive damages.

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A group of Defendants[1] filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for, among other things, Ms. Figueroa's failure to exhaust her administrative remedies pursuant to 42 U.S.C. § 1997e(a). In the alternative, Group 1 Defendants moved for summary judgment under Fed. R. Civ. P. 56(b). Ms. Figueroa also submitted a motion for summary judgment. The magistrate judge recommended summary judgment against Ms. Figueroa on the issue of exhaustion. Ms. Figueroa filed a timely objection to the report and recommendation. On March 30, 2012, the district court conducted a de novo review, adopted the magistrate judge's report and recommendation, and granted summary judgment for Group 1 Defendants on exhaustion grounds. Ms. Figueroa appealed on April 12, 2012.

Group 2 Defendants, though, had not yet been dismissed from the case. After conducting an initial review of Ms. Figueroa's amended complaint pursuant to

---

[1] Group 1 Defendants include Justin Jones, Director DOC; John Doe, Warden, Lexington OK (identified as Warden Eric Franklin); Millicent Newton-Embry, Warden, Mabel Bassett; Mr. Hendrickson, Case Manager; Jane Doe, Inmate Trust Fund (identified as Soni Fort, Records Officer); Jane Doe, Director SATP (identified as Valeta Duncan, SATP Director); Mike Murry, Deputy Warden, Mabel Bassett (spelled Mike Murray in amended complaint); Ola Onajobi, Unit Manager (spelled Ola Anayobi in amended complaint); and Shola Shopeyin, Unit Manager (spelled Shola Shopeying in amended complaint).

Group 2 Defendants include Mike Jackson, Chief of Medical Services; Ms. Ipaye, Kitchen Manager; Ms. Amus, Kitchen Supervisor; Dr. McMaster, Doctor, Mabel Bassett; Jane Doe, Medical Accounts Payable; Ms. Hurley, Officer, Isolation Unit; Nurse Nunn, Mable Bassett (properly identified as Nurse Nelms); and Dennis Cotner, Medical Services.

28 U.S.C. §§ 1915 and 1915A, the magistrate judge issued a second report and recommendation recommending dismissal of Ms. Figueroa's claims against Group 2 Defendants on the grounds of failure to state a claim upon which relief can be granted. Ms. Figueroa filed an objection, but it was untimely. On April 16, 2012, the district court, conducting a de novo review despite the absence of an objection, adopted the second report and recommendation and dismissed Ms. Figueroa's claims against Group 2 Defendants pursuant to §§ 1915 and 1915A. The district court declined to exercise jurisdiction over Ms. Figueroa's state-law claims and dismissed them without prejudice. Also on April 16, 2012, the district court entered a Fed. R. Civ. P. 58 final judgment dismissing the entire action. Ms. Figueroa filed an untimely amended notice of appeal on June 14, 2012.

### DISCUSSION

We must first consider our jurisdiction over Ms. Figueroa's appeal. In general, a party may not appeal until entry of a final order. *See* 28 U.S.C. § 1291. Ms. Figueroa filed her first notice of appeal before the Group 2 Defendants had been dismissed from the case. This premature notice of appeal may have ripened when the district court entered its final order disposing of the remaining claims and defendants. *See, e.g.,* Fed. R. App. P. 4(a)(2); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007); *Copeland ex rel. Copeland v. Toyota Motors Sales U.S.A., Inc.*, 136 F.3d 1249, 1251-52 (10th Cir. 1998). Regardless, Ms. Figueroa filed a motion seeking leave to appeal *in forma pauperis* fourteen days after the entry of

- 4 -

judgment.  We treat this application as the functional equivalent of a notice of appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007) (motion to proceed on appeal *in forma pauperis* may serve as the functional equivalent of a notice of appeal).[2]  The clear intent of Ms. Figueroa's filings in this court was to appeal the district court's dismissal of her claims against both groups of Defendants.  We therefore have jurisdiction over Ms. Figueroa's appeal.

This, however, does not end our analysis.  Because Ms. Figueroa failed to timely file an objection to the second report and recommendation, she may have waived the right to appeal the district court's dismissal of Group 2 Defendants under this circuit's firm waiver rule.  *See Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000) ("This court has adopted a 'firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's report and recommendation waives appellate review of both the factual and legal determinations." (brackets and internal quotation marks omitted)).  Ms. Figueroa asserts that she was confused by the multiple report and

---

[2]     Even further, in Ms. Figueroa's untimely objection to the magistrate's second report and recommendation, which she submitted after entry of final judgment, Ms. Figueroa stated that she "disagree[s] with the court decision, due to various factors[,] w[h]ich will be explained, *and also appeal[s]*."  Aplt. App. Vol. 1 (part 3) at 144 (emphasis added).  It is appropriate to also construe this submission as the functional equivalent of a notice of appeal because it provides the notice required by Fed. R. App. P. 3(c)(1).  *See Smith v. Barry*, 502 U.S. 244, 248 (1992).

recommendations and she did not understand that she needed to file a second objection. She also claims she did not receive the correct forms from the court.

The waiver rule applies to a pro se party unless (1) the party has not been informed of the time period within which to file objections and the consequences for failing to do so, or (2) the "interests of justice" require review. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).[3] The magistrate judge did inform Ms. Figueroa of the time period within which to file an objection to the second report and recommendation. However, we believe the interests of justice require review in this instance. Ms. Figueroa did make an effort to comply with the magistrate's instruction to file an objection, albeit untimely. Furthermore, Ms. Figueroa was faced with two separate response dates to two separate reports and recommendations dealing with two sets of defendants—groupings that she had never contemplated. It is not implausible that a pro se litigant would have been confused concerning her obligation to file a separate objection to the second report and recommendation. *See id.* at 1119-20 (providing several factors to consider in applying the interests of justice exception, including a plaintiff's efforts to comply with instructions and the

---

[3]     We do not find that Group 2 Defendants forfeited their claim to waiver by failing to properly object to Ms. Figueroa's appeal. *See Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008) ("Because a failure to timely object to a magistrate's report is not jurisdictional, the State has forfeited any claim that we should not consider the appeal because of [the plaintiff's] failure to timely object." (internal citation omitted)). The district court dismissed Group 2 Defendants under its 28 U.S.C. § 1915 obligation to first screen an *in forma pauperis* complaint; therefore, Group 2 Defendants had not yet actively participated in the action and did not have the opportunity to raise the lack-of-objection issue.

plausibility of the explanation for noncompliance).  In the utmost concern for justice

and in order to ensure that Ms. Figueroa has an opportunity to be heard, we conclude

that the waiver rule should not apply in this case.[4]

*Dismissal of Group 1 Defendants*

"We review de novo the district court's finding of failure to exhaust

administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.

2002).  Exhaustion of available administrative remedies is mandatory under the

Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  *See Booth v. Churner*,

532 U.S. 731, 741 (2001).  ODOC has adopted standard grievance procedures:

> The ODOC has a four-step process for administrative exhaustion of
> prisoner claims.  Initially, a prisoner must seek to resolve any complaint
> by informally raising the matter with an appropriate staff member.  If
> the matter is not resolved informally, the prisoner must submit [a
> Request to Staff].  If the matter still remains unresolved, the prisoner
> may file a Grievance Report Form ("grievance") with the reviewing
> authority, which is usually the prison's warden.  Finally, a prisoner may
> appeal the warden's decision to the Administrative Reviewing Authority
> ("ARA").  The ruling of the [ARA] . . . is final and [concludes] the
> internal administrative remedy available to the inmate . . . .

*Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (alterations in original) (internal

quotation marks and citations omitted).  Further, "[a]n inmate who begins the

grievance process but does not complete it is barred from pursuing a § 1983 claim."

---

[4] The district court's de novo review of the second report and recommendation, despite the absence of an objection, does not change the analysis.  *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1061 (10th Cir. 1996) ("[T]he district court's decision to conduct a de novo review, sua sponte, does not warrant lifting the bar of appellate review under the circumstances presented here.").

*Jernigan*, 304 F.3d at 1032; *see also Fields*, 511 F.3d at 1112 ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient.").

In her report and recommendation, the magistrate judge extensively outlined the grievance steps Ms. Figueroa took to resolve her claims against Group 1 Defendants. In short, Ms. Figueroa submitted formal grievances for some of her claims and failed to submit grievances for other claims. She also failed to complete the appeals process for those grievances that she did submit.[5] Thus, we agree with the district court that Ms. Figueroa failed to exhaust the available administrative remedies for her claims against Group 1 Defendants.

Ms. Figueroa's claim that ODOC grievance procedures do not apply because at the time she filed her amended complaint she had discharged her Oklahoma sentence and was in the custody of the Arkansas Department of Corrections is mistaken. The PLRA applies to a prisoner "confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). Further, Ms. Figueroa's claims relate to her confinement in ODOC custody, and she filed her original complaint while she was in ODOC custody. "[I]t is the plaintiff's status at the time he files suit that determines

---

[5] Ms. Figueroa submitted some of her grievances after the filing of her complaint in this action. "[R]esort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (alteration in original) (quotation marks and citation omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Further, it appears that Ms. Figueroa's grievances, which she submitted in 2010 for claims against her that occurred in 2006-2008, are untimely under ODOC regulations.

whether § 1997e(a)'s exhaustion provision applies." *Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1150 (10th Cir. 2005).

*Dismissal of Group 2 Defendants*

The district court adopted the magistrate judge's second recommendation and dismissed Ms. Figueroa's claims against Group 2 Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We review de novo an order dismissing a prisoner's § 1983 complaint for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "If the plaintiff proceeds *pro se*, the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). "However, the broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*. (alterations and internal quotation marks omitted).

Again, the magistrate judge succinctly reviewed and analyzed Ms. Figueroa's claims against Group 2 Defendants in the second report and recommendation, and we agree that Ms. Figueroa has failed to allege sufficient details to state her claims.[6]

---

[6] "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of

(continued)

Accordingly, we **AFFIRM** the judgment of the district court.  We also

**GRANT** Ms. Figueroa's motions to add-on exhibits and to proceed *in forma*

*pauperis*.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  As to the temporary lack of toiletries, the Eighth Amendment is not implicated by mere allegations of discomfort or temporary adverse conditions posing no risk to a prisoner's health and safety. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Further, Ms. Figueroa's claims for lack of adequate nutrition and medical care also fail to state the required particularity. *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).  Finally, an isolated instance of mail being opened "without any evidence of improper motive or resulting interference with [the] right to counsel or to access to the courts" is insufficient to establish a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).