**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES J. HOBBS,

     Plaintiff - Appellant,

v.

OKLAHOMA STATE PENITENTIARY;
WAYNE BRACKENSEIK, a/k/a Wayne
Brackensack; TERRY CRENSHAW, OSP
Warden Assistant; RAMONA ALLEN,
OSP, Law Library Legal Clerk,

     Defendants - Appellees.

No. 16-7022
(D.C. No. 6:14-CV-00501-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

James Hobbs, a pro se prisoner, appeals the district court's dismissal of his 42

U.S.C. § 1983 action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

This case arises from Hobbs' attempt to file an unauthorized second or successive 28 U.S.C. § 2254 petition challenging his state court murder conviction. The district court transferred the matter to this court, where Hobbs filed multiple motions seeking the production and unsealing of various court records. We denied those motions and notified Hobbs that the relief he sought was available from the district court and the court that had originally sealed the records.

Hobbs contends the defendants hindered his attempts to obtain those records in violation of the Sixth, Eighth, and Fourteenth Amendments. Seeking relief under § 1983, he claims that Wayne Brackenseik, the Oklahoma State Penitentiary ("OSP") Law Library Supervisor, denied him access to the courts; Ramona Allen, OSP Law Library Legal Clerk, allowed this violation to go unaddressed and altered Hobbs' administrative grievance appeal documents; and Terry Crenshaw, OSP Warden's Assistant, conspired with Brackenseik to destroy evidence.[1]

The district court dismissed Hobbs' claims without prejudice. It explained that Hobbs had failed to serve Crenshaw in accordance with Fed. R. Civ. P. 4(m) because he gave the U.S. Marshals Service an incorrect address. Further, it held that the Eleventh Amendment barred Hobbs' claims against OSP as well as Brackenseik and Allen in their

---

[1] Although we construe Hobbs' pro se complaint liberally, we do not serve as his advocate, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), or search the record "to determine whether there exists dormant evidence which might require submission of the case to a jury," Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (quotation omitted).

official capacities, and that Hobbs' individual capacity claims against Brackenseik and Allen were unexhausted. Hobbs timely appealed.

## II

As the plaintiff, Hobbs had a responsibility to provide Crenshaw's correct address to the U.S. Marshals Service for service of process. See Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1113 (10th Cir. 2007). Although Crenshaw could have been served at the OSP, he was on extended sick leave, and Hobbs did not provide a correct alternate address for him. The U.S. Marshals Service does not have a duty to locate a defendant who has not "provid[ed] an accessible forwarding address." Id. Accordingly, the district court did not abuse its discretion in dismissing the claims against Crenshaw for lack of service. See Jones v. Frank, 973 F.2d 872, 872 (10th Cir. 1992) (abuse of discretion standard applies to district court's dismissal for untimely service).

We also affirm the dismissal of Hobbs' claims against OSP and Brackenseik and Allen in their official capacities. "We review a district court's determination of Eleventh Amendment immunity de novo." Arbogast v. Kan. Dep't of Labor, 789 F.3d 1174, 1181 (10th Cir. 2015). "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages . . . ." Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998). Because Hobbs sought money damages and injunctive relief against OSP and Brackenseik and Allen in their official capacities, all three are immune from suit.

## III

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Proper exhaustion requires compliance with all of the prison's grievance procedures, including its deadlines.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  We review de novo the dismissal of Hobbs' individual capacity claims for failure to exhaust administrative remedies.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Oklahoma Department of Corrections ("ODOC") grievance process requires an inmate to first speak with the appropriate staff member within three days of an incident.  If a problem remains unresolved, the prisoner has seven days from the date of the incident to submit a written Request to Staff ("RTS") detailing his complaint.  If thirty days pass without a response to the RTS, the inmate may submit a grievance to the reviewing authority.  If a complaint is not resolved after the response to an RTS, a prisoner may submit to the reviewing authority a grievance and copy of the RTS within fifteen days of either the incident or the date of the response, whichever is later.  Once fifteen days pass after the reviewing authority's response, the inmate may appeal to the administrative review authority ("ARA").

4

Most of the administrative action in this matter seems to have originated with Hobbs' December 19, 2013, RTS.[2]  In this RTS, Hobbs complained that the library failed to copy his motions seeking sealed records from Oklahoma state courts.  Brackenseik responded on January 13, 2014, attaching a document detailing the copies made.  Allen also responded on January 14 to a copy of the same RTS, asking Hobbs to explain how he thought his rights had been violated.

Unsatisfied with Brackenseik's response, Hobbs filed a grievance in the warden's office on January 21, 2014, seeking Brackenseik's termination.  Crenshaw returned the grievance unanswered the same day, pointing out that the grievance process prohibits requests for disciplinary action against staff.  He gave Hobbs ten days to submit a proper grievance.

The next day, January 22, Hobbs prepared another grievance requesting that Brackenseik be terminated.  When he did not receive a response, Hobbs twice appealed to the ARA, first on February 12 and later on February 20.  The ODOC grievance process permits resort to ARA for non-response only if:  (1) the prisoner provides evidence that the unanswered grievance was properly filed; (2) no other matters are raised; and (3) thirty days have passed since submission of the grievance to the reviewing authority.  The February 12 appeal violated all three of these requirements, and the February 20

_____

[2] We do not address any requests for legal materials or RTS's that were not grieved, as those matters are clearly unexhausted.

5

appeal violated the first and third requirements. The matters leading up to these appeals are therefore unexhausted.

Following the rejection of his appeals, Hobbs apparently redrafted his January 21 grievance on March 7, this time not seeking Brackenseik's termination. Although it is unclear whether he submitted this grievance to the review authority, such an appeal would have been untimely, given that flawed grievances must be corrected and resubmitted within ten calendar days of receiving the returned, unanswered grievance. Thus this grievance was unexhausted.

On April 14, Hobbs chose to reassert the claims of his December 19 RTS in a new RTS. Allen responded by reminding Hobbs she had already addressed the same issues on January 14. Hobbs did not exhaust this grievance because he did not file an appeal with the reviewing authority within fifteen days of Allen's response.

Next, in a grievance dated April 30, Hobbs demanded information on what happened to his December 19 RTS. Arguably, this grievance sought relief not encompassed by the April 14 RTS. When thirty days passed without a response, Hobbs did not grieve the non-response. Instead, he appealed, claiming that the reviewing authority previously did not consider relevant evidence. By skipping the step of grieving only the non-response to the April 30 grievance, Hobbs failed to exhaust any claim underlying this grievance.

Hobbs apparently seeks to avoid these exhaustion deficiencies on the basis that he did not know the ODOC grievance process. He claims that he requested a copy of the rules but was denied access. Hobbs' assertion is questionable, given that the numerous

6

grievance process forms he filled out detailed the relevant procedural requirements. Moreover, "a plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." Napier v. Laurel Cty., 636 F.3d 218, 221 n.2 (6th Cir. 2011).

We conclude that the district court did not err in dismissing Hobbs' individual capacity claims against Brackenseik and Allen.

**IV**

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Hobbs' case. We remind Hobbs of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge