**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER LEE HUGGINS,

    Plaintiff - Appellant,

v.

JOHN REILLY,

    Defendant - Appellee.

No. 16-1309
(D.C. No. 1:14-CV-02181-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Chester Lee Huggins, a Colorado state prisoner proceeding pro se, appeals the

district court's summary judgment dismissal of his 42 U.S.C. § 1983 action.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Mr. Huggins is an African-American inmate in the custody of the Colorado

Department of Corrections (CDOC). He was employed sewing garments in the

Colorado Correctional Industries Garment Factory at the Limon Correctional Facility

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(LCF) until he was transferred to the Sterling Correctional Facility (SCF). Defendant John Reilly was the production supervisor at the garment factory.

Mr. Huggins filed a § 1983 complaint, which asserts two claims for relief arising from his employment. The first claim alleges Mr. Reilly assigned only white inmates to the higher paying jobs at the garment factory, in violation of the Equal Protection Clause of the Fourteenth Amendment. The second claim alleges Mr. Reilly retaliated against Mr. Huggins for filing a grievance regarding this discriminatory treatment by giving him poor performance reviews and having him transferred, in violation of the First Amendment. Mr. Huggins had submitted two administrative grievances with similar claims before filing his complaint, one at LCF and one at SCF, but prison officials rejected both as untimely because of missed deadlines within CDOC's three-step grievance procedure.

Mr. Reilly filed a motion for summary judgment. The district court granted the motion and dismissed the civil rights action without prejudice for failure to exhaust administrative remedies.[1] Mr. Huggins filed this timely appeal.

## II.    Analysis

We review de novo the district court's finding that Mr. Huggins failed to exhaust his administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

---

[1] The district court's decision was issued by a magistrate judge, sitting by consent of the parties. *See* 28 U.S.C. § 636(c)(1), (3).

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA . . . ."). The exhaustion doctrine protects administrative agency authority and promotes efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Because the exhaustion doctrine is an affirmative defense, Mr. Reilly "bear[s] the burden of asserting and proving that [Mr. Huggins] did not utilize administrative remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). But once Mr. Reilly proves failure to exhaust, "the onus falls on the plaintiff to show that remedies were unavailable to him." *Id.*

Proper exhaustion requires compliance with all of the prison's grievance procedures, including "deadlines and other critical procedural rules[,] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. Thus, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. "[S]ubstantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). In its summary judgment order, the district court took great care to outline the requirements for CDOC's grievance process and explain the ways in which Mr. Huggins failed to comply with applicable deadlines.

3

On appeal, Mr. Huggins does not contest the finding that his grievances were untimely.  Instead, he seeks to overcome the exhaustion deficiencies by arguing that prison officials hindered him from filing the requisite paperwork and thus rendered the grievance process unavailable to him.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (holding that exhaustion is not required "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy").  He says, for instance, that officials gave him only two days—not five—to complete step two of the process for his first grievance so he did not have time to conduct necessary research.  He also characterizes the grievance process as "confusing" and "misleading," *see, e.g.*, Aplt. Opening Br. at 2, and complains that for both grievances prison officials did not advise him how to correct procedural deficiencies and resubmit his paperwork.

Because Mr. Huggins is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

Like the district court, we have little difficulty concluding that Mr. Huggins's claims are barred for failure to exhaust administrative remedies.  He concedes he did not comply with applicable deadlines for either grievance, and he has not presented

4

any credible evidence that prison officials acted in a way that rendered his administrative remedies unavailable. Nor does his general confusion about the grievance process excuse his noncompliance: "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see, e.g.*, *Hobbs v. Okla. State Penitentiary*, No. 16-7022, 2016 WL 7367775, at *3 (10th Cir. Dec. 20, 2016) (applying this concept to uphold dismissal of a § 1983 action based on a prisoner's failure to exhaust).

We affirm the dismissal for substantially the same reasons stated by the district court in its thorough, well-reasoned order. With respect to the first grievance, in addition to the failure to comply with applicable deadlines, we add that Mr. Huggins has not established two days was insufficient for him to complete the step-two grievance form. That form resembles the step-one form and requires only a short, one-paragraph statement of the basis for the prisoner's grievance and the requested remedy. *See* R., Vol. II at 313-14. Because we affirm based on failure to exhaust administrative remedies, we need not consider the parties' arguments about the merits of the underlying § 1983 claims.

Mr. Huggins's motion to proceed in forma pauperis is denied as moot. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. We remind Mr. Huggins

5

of his obligation to continue making partial payment until his appellate filing fee is paid in full.

<div style="margin-left:50%;">

Entered for the Court


Carolyn B. McHugh
Circuit Judge

</div>