### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

TIMOTHY L. BEALS,

     Plaintiff - Appellant,

v.

SCOTT JAY, Sheriff of Beckham County;
DIANE BILBO, Captain of Detention;
GINA WEBB, Assistant District Attorney
Beckham County; DONNA HOWELL,
Court Clerk of Beckham County;
BECKHAM COUNTY; STATE OF
OKLAHOMA; DISTRICT ATTORNEY'S
OFFICE,

     Defendants - Appellees.

No. 17-6163
(D.C. No. 5:15-CV-00922-C)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

     Timothy L. Beals, an Oklahoma state prisoner proceeding pro se, appeals the

district court's entry of summary judgment in this 42 U.S.C. § 1983 action.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Beals alleges that multiple public officials violated his First Amendment rights by interfering with his incoming and outgoing mail during his pretrial detention at the Beckham County Detention Center (BCDC).  Those defendants-appellees include Scott Jay (sheriff), Diana Bilbo (jail administrator),[1] and Gina Webb (assistant district attorney).[2]  Mr. Beals was subjected to court-imposed mail restrictions after he tried to send letters to his family and friends that identified the witnesses who were scheduled to testify against him and urged the recipients to publicize the witnesses' cooperation with law enforcement on Facebook.  Jail employees intercepted the correspondence during routine scanning and alerted Ms. Webb, who advised the state district court.  That court ultimately directed BCDC to hold all non-privileged mail pending resolution of the criminal proceedings, at which point the incoming mail was distributed to him and the outgoing mail was sent

---

[1] Although Mr. Beals identifies Ms. Bilbo as "Diane," she refers to herself as "Diana" in her response brief and in an earlier affidavit.

[2] The notice of appeal designates the judgments entered against Mr. Beals on June 28 and 29, 2017, but the following defendants are not proper appellees:  Donna Howell (court clerk), Beckham County, the State of Oklahoma, and the Beckham County District Attorney's Office.  Mr. Beals failed to object to the magistrate judge's findings and dismissal recommendation as to Ms. Howell and Beckham County so he waived appellate review of them. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (explaining and applying the "firm waiver rule").  His appellate briefs do not address the dismissal of the claims against the remaining defendants during screening under 28 U.S.C. § 1915A.  "[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

to the addressees. In the interim, Mr. Beals pled guilty to witness intimidation based on the letters.

Mr. Beals also alleges that Ms. Bilbo violated his Sixth Amendment right to access the courts by denying him access to an off-premises law library and by refusing to give him stationary, legal forms, and extra stamped envelopes for legal mail. He makes these allegations even though he was represented by court-appointed counsel during his incarceration.

In a series of reports and recommendations, the magistrate judge recommended the dismissal of all claims. The district court adopted the recommendations in separate orders. It granted summary judgment in favor of Sheriff Jay and Ms. Bilbo on the ground that Mr. Beals failed to exhaust his administrative remedies. It granted summary judgment in favor of Ms. Webb based on prosecutorial immunity. Mr. Beals filed this timely appeal.

## II.     Analysis

### A. Exhaustion of Administrative Remedies

Although Mr. Beals submitted some grievance forms (mostly to Ms. Bilbo), the district court concluded that he never completed the appeals process as set forth in BCDC regulations. Those regulations require a dissatisfied inmate to submit a written grievance form to staff, to be forwarded to the shift supervisor. After the shift supervisor responds, the inmate must then "appeal, in writing, to the next higher level in the chain of command . . . all the way to the Sheriff." R., Vol. 2 at 350. "If the inmate is dissatisfied with the Sheriff's response, he/she may then seek a judicial

3

remedy." *Id.* The district court found no evidence that Mr. Beals appealed the denial of his grievances to Sheriff Jay, so it dismissed his claims against the sheriff and Ms. Bilbo.

We review the district court's failure-to-exhaust ruling de novo. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Because Mr. Beals is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA . . . ."). The exhaustion doctrine protects administrative agency authority and promotes efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Because the exhaustion doctrine is an affirmative defense, the defendants-appellees "bear the burden of asserting and proving that [Mr. Beals] did not utilize administrative remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). But once they prove failure to exhaust, "the onus falls on [Mr. Beals] to show that remedies were unavailable to him." *Id.*

4

Mr. Beals argues that he exhausted his administrative remedies by submitting numerous grievance forms. However, "substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Proper exhaustion requires compliance with *all* of the prison's grievance procedures, including "deadlines and other critical procedural rules[,] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. Thus, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032.

Alternatively, Mr. Beals seeks to excuse his failure to exhaust on three bases. First, he contends that the defendants obstructed his exhaustion attempts by failing to provide him with the requisite paperwork and by denying his request for the rules that govern the grievance process. It is true that exhaustion is not required "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). But Mr. Beals' unsupported contentions are not enough to excuse his noncompliance; indeed, the record shows, to the contrary, that Ms. Bilbo and other BCDC officials generally responded to his grievance forms and frequent correspondence promptly and thoroughly. Nor can Mr. Beals rely on his purported confusion about the grievance process: "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v.*

5

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see, e.g.*, *Hobbs v. Okla. State Penitentiary*, 673 F. App'x 837, 841 (10th Cir. 2016) (unpublished) (applying this concept to uphold dismissal of a § 1983 action based on a prisoner's failure to exhaust).

Second, Mr. Beals claims that it would have been "futile" to appeal to Sheriff Jay—both because the sheriff already "has to sign off on all grievance decisions" and because the defendants were following a court order in confiscating his mail and thus had "transfer[red]" their power to the court. Aplt. Opening Br. at 12, 16. It is well established, though, that exhaustion is required "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought." *Jernigan*, 304 F.3d at 1032. The courts "will not read futility or other exceptions into statutory exhaustion requirements [like § 1997e] where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Finally, Mr. Beals argues that exhaustion was unnecessary because the defendants were fully aware of his complaints. *See, e.g.*, Aplt. Opening Br. at 13 (stating that "[a]ll defendants . . . were placed on full notice, numerous of [sic] times through grievances and/or letters in regards to the issues above" but failed to provide him relief); *see also id.* ("It is fair to say that all defendants were fully aware of the above complaints being that these individuals seeked [sic] Court orders to have Plaintiff's mail withheld, thus prompting internal investigations."). He cites no authority from our circuit for this proposition, and "the PLRA does not enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee

6

prison grievance systems," *Jernigan*, 304 F.3d at 1032 (brackets and internal quotation marks omitted). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

In recommending dismissal, the magistrate judge outlined the requirements for BCDC's grievance process and explained the ways in which Mr. Beals failed to comply with those requirements. We discern no error in that recommendation or the district court's order adopting it. Because we affirm based on failure to exhaust administrative remedies, we need not consider the parties' arguments about the merits of the underlying § 1983 claims.

## B. Prosecutorial Immunity

Mr. Beals alleges in his complaint that Ms. Webb violated his constitutional rights by operating in concert with Sheriff Jay and Ms. Bilbo to restrict his mail. The district court granted summary judgment in Ms. Webb's favor, finding that her role in restricting the mail was intimately associated with the judicial process such that she is entitled to prosecutorial immunity. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." (emphasis, ellipsis, and internal quotation marks omitted)).

We do not review that ruling because Mr. Beals does not challenge it in his opening brief. An appellant's opening brief must identify "appellant's contentions

and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson*, 500 F.3d at 1104.

## III. Conclusion

We affirm the district court's judgment. We grant Mr. Beals' motion for leave to proceed in forma pauperis. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Though we have disposed of this matter on the merits, Mr. Beals is reminded of his obligation to continue making partial payment until his appellate filing fee is paid in full.

Entered for the Court

Carolyn B. McHugh
Circuit Judge