**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARQUICE DONNELL SAVAGE,

Plaintiff - Appellant,

v.

SHYANNE DOBBERTIN; AALIYAH
SANCHEZ,

Defendants - Appellees.

_____

MARQUICE DONNELL SAVAGE,

Plaintiff - Appellant,

v.

SHYANNE DOBBERTIN; FNU LOWRY,

Defendants - Appellees,

and

VIC REGALADO; STATE OF
OKLAHOMA; STEPHEN
KUNZWEILER,

Defendants.

No. 25-5067
(D.C. No. 4:23-CV-00126-CVE-CDL)
(N.D. Okla.)

No. 25-5082
(D.C. No. 4:23-CV-00266-GKF-CDL)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In these two appeals, Marquice Savage, proceeding pro se[1], appeals an order

granting summary judgment and an order of dismissal, respectively, in two lawsuits

he brought against various officials of the Tulsa County Sheriff's Office.  In one

lawsuit, which would go on to become appeal No. 25-5067, he alleged the

defendants, all Tulsa County Jail officials, unconstitutionally injured him during an

incident in April 2021 when they forcibly escorted him from one part of the jail to

another.  In another, which would become appeal No. 25-5082, he alleged the

defendants conspired to interfere with his civil rights by charging and convicting him

of a disciplinary violation for assaulting another detainee, and by initiating a criminal

prosecution based on the same assault, all without probable cause and solely because

of his race.  As relevant to these appeals, the district court granted summary

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Savage proceeds pro se, we construe his arguments liberally, but
we "cannot take on the responsibility of serving as [his] attorney in constructing
arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*,
425 F.3d 836, 840 (10th Cir. 2005).

judgment to the defendants in the first lawsuit, and it dismissed the second lawsuit

for failure to timely effect service under Fed. R. Civ. P. 4.  We have jurisdiction over

each appeal under 28 U.S.C. § 1291, and we affirm.

## I.    BACKGROUND[2]

### A.    No. 25–5067

From July 2020 to December 2021, Mr. Savage was a detainee at the Tulsa

County Jail.  On April 18, 2021, he had a verbal altercation with another detainee, so

officers decided to move him to restrictive housing.  Corporal Dominique Edwards,

Corporal Alicia Diaz, and Detention Officer Aaliyah Sanchez and Detention Officer

Shyanne Dobbertin carried out the move, which required taking Mr. Savage from his

cell in a pod in "J-Hall" first to a holding cell and then to a cell in restrictive housing.

While escorting Mr. Savage down "J-Hall" to the holding cell, a distance of

around 600 feet, Corporal Edwards handcuffed Mr. Savage's hands behind his back.

He asked him to walk faster, but Mr. Savage asserted he could not walk faster due to

a pre-existing ankle injury.  The ensuing struggle led Corporal Edwards to take

Mr. Savage to the ground.

---

[2] The facts we recite here are either undisputed or, to the extent any *genuine* dispute of fact exists, construed in the light most favorable to Mr. Savage, the non-movant in the motion for summary judgment.  *See Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023) (emphasis added).  "However, because at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, as with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009) (internal quotation marks and brackets omitted).

The parties dispute what happened next, but agree that *after* Corporal Edwards took Mr. Savage to the ground, Corporal Diaz and Officers Sanchez and Dobbertin came on the scene. The four officers lifted Mr. Savage off the ground and "dragged" him down J-Hall to the holding cell, ignoring his complaints of pain in his left ankle, arms, and wrists. R. (25-5067) vol. 1 at 24, 29.[3] Although Mr. Savage claimed officers left him without access to a bathroom, surveillance footage from the cell made clear the holding cell had a toilet in it located just behind a short privacy wall. After just under twenty-five minutes, Officer Dobbertin removed the handcuffs. The booking nurse then entered the holding cell and spoke to Mr. Savage for about ten minutes and examined his pulse, temperature, blood oxygen levels, ankle, and wrists. During her examination, the booking nurse found "no objective evidence of any injury to [Mr. Savage's] wrists, arms, left ankle, or otherwise," and medically cleared him for confinement in the jail's restrictive housing unit. *Id.* at 462, ¶ 9. A second nurse examined him around three hours after the initial altercation with the officers and found objective indicia of only one injury: a half-centimeter, superficial laceration on his right thumb.

In his verified amended complaint, Mr. Savage alleged the defendants conspired to deprive him of his constitutional rights—specifically his right under the

___

[3] The district court construed portions of Mr. Savage's verified amended complaint as an affidavit for purposes of the defendants' motion for summary judgment. *See Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002) ("A district court may treat a verified complaint as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in [Fed. R. Civ. P.] 56(e)." (internal quotation marks omitted)). In reviewing Mr. Savage's appeal of the district court's summary judgment order, we do the same.

Fourteenth Amendment to be free from excessive force while a pretrial detainee at the jail. The district court dismissed various defendants and claims on screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but it allowed Mr. Savage to proceed on his claims of excessive force against Corporal Edwards, Corporal Diaz, Officer Sanchez, and Officer Dobbertin in their individual capacities only. The court would later dismiss the claims against Corporal Edwards and Corporal Diaz for failure to timely effect service.

The remaining defendants—Officer Sanchez and Officer Dobbertin—answered the amended complaint and later filed a motion for summary judgment in which they raised the defense of qualified immunity. The district court granted that motion.

**B.    No. 25–5082**

In a separate suit, Mr. Savage named five defendants in his amended complaint: (1) the State of Oklahoma; (2) Stephen Kunzweiler, the Tulsa County District Attorney, in both his individual and official capacities; (3) Officer Dobbertin in her individual capacity; (4) Officer Lowry, a detention officer employed by the Tulsa County Sheriff's Office, in his individual capacity; and (5) Sheriff Vic Regalado in both his individual and official capacities. He alleged these defendants conspired to interfere with his civil rights and violated his federal constitutional rights by arresting him, charging him with and convicting him of a disciplinary violation for assaulting another inmate, and initiating a criminal prosecution based on the same assault. He alleged the defendants initiated his arrest, disciplinary charge

5

and conviction, and criminal prosecution all without probable cause and solely because of his race.

The district court, screening the complaint pursuant to § 1915(e)(2)(B)(ii), dismissed all claims against all defendants except for Mr. Savage's racial discrimination and Fourteenth Amendment equal protection claims under 42 U.S.C. §§ 1981(a) and 1983 against Officer Dobbertin, Officer Lowry, and Sheriff Regalado in their individual capacities only. Sheriff Regalado moved to dismiss under Fed. R. Civ. P. 12, and the court granted the motion. Finally, the court entered an order directing Mr. Savage to show cause why it should not dismiss his claims against the two remaining defendants—Officer Dobbertin and Officer Lowry— pursuant to Fed. R. Civ. P. 4(m) based on his failure to serve them. After consideration of Mr. Savage's response, the district court dismissed the claims against Officer Dobbertin and Officer Lowry without prejudice and entered judgment by separate order. These appeals followed.

## II.    DISCUSSION

### A.    *Jurisdiction*

We begin by noting an important limitation on the scope of our review. Mr. Savage's notice of appeal in No. 25-5067 states he "desires to appeal [the district court's] decision granting summary judgement based on qualified immunity in favor of defendants." R. (25-5067) vol. 1 at 675 (capitalization omitted). The order he refers to concerned only his claims against Officer Sanchez and Officer Dobbertin. Similarly, in No. 25-5082, he specified his "intent to . . . appeal the district court[']s

6

decision dismissing this case for failure to timely serve defendants." R. (25-5082) at 162. The order of dismissal he refers to here concerned only Officer Dobbertin and Officer Lowry.

Under Fed. R. App. P. 3(c)(1)(B), a "notice of appeal must . . . designate the judgment—or the appealable order—from which the appeal is taken." And, "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). In each appeal, Mr. Savage raises, at some length, issues concerning orders and defendants other than those he specified in his notices of appeal. For instance, in No. 25-5067 he challenges the dismissal of his official-capacity claims against Sheriff Regalado, Corporal Diaz, and Corporal Edwards, *see* Aplt. Opening Br. (25-5067) at 5–11[4] ("First Issue") and the dismissal of Corporal Edwards and Corporal Diaz for failure to timely complete service, *see id.* at 5; 12–17 ("Second Issue"). In No. 25-5082, he challenges the dismissal of Mr. Kunzweiler and Sheriff Regalado. *See* Aplt. Opening Br. (25-5082) at 3–12 ("First Issue" and "Second Issue"); *id.* at 13–15 ("Fourth Issue"). But because these issues fall outside the scope of each notice of appeal, we lack jurisdiction to review them.

### B.    No. 25–5067

In this appeal, Mr. Savage challenges the district court's summary judgment ruling granting qualified immunity to Officer Sanchez and Officer Dobbertin. "We

---

[4] We cite to the pagination of the electronic court filing system for each of Mr. Savage's opening briefs.

review the district court's grant of summary judgment de novo, applying the same legal standard that the district court is to apply." *N.H. Ins. Co. v. TSG Ski & Golf, LLC*, 128 F.4th 1337, 1344 (10th Cir. 2025). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "we review summary judgment orders deciding qualified immunity questions differently from other summary judgment decisions. When a defendant asserts qualified immunity . . . the burden shifts to the plaintiff to establish (1) a violation of a constitutional right (2) that was clearly established." *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015) (internal quotation marks and citations omitted). "[A]lthough we will review the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

The record does not clearly demonstrate Mr. Savage satisfied his heavy two-part burden to overcome Officer Dobbertin and Officer Sanchez's assertion of qualified immunity. "[A] claim of excessive force requires some actual injury that is not de minimis, be it physical or emotional." *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007). The only "injury" Mr. Savage suffered as a result of his interaction with Officer Dobbertin and Officer Sanchez was, at most, the half-centimeter superficial cut on his right thumb.

8

And there is not sufficient evidence in the summary judgment record, including in Mr. Savage's verified complaint, to trace this injury to the actions of either Officer Dobbertin or Officer Sanchez during the April 18 incident. This is fatal to his attempt to assign civil liability to either officer individually. *See Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (noting, in context of a motion to dismiss, that "it is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." (internal quotation marks and ellipses omitted)).

Mr. Savage summarizes the allegations and evidence of what he believes amounted to a constitutional violation as follows:

> [A] handcuffed pretrial detainee who complains of pain from a broken ankle, that is handcuffed from behind, who is not resisting and not posing a safety risk to himself or others should not be slammed to the ground, strangled, and maliciously and sadistically dragged down a jail hallway for refusing to "walk faster" when the detainee has reported that he or she is unable to walk faster due to a preexisting injury.

Aplt. Opening Br. (25-5067) at 19(capitalization omitted). But even as summarized, Mr. Savage does not differentiate the alleged role played by Officer Dobbertin from Officer Sanchez, or by either of them from the since-dismissed Corporal Edwards, the specific party against whom he lodged his allegations of tackling and strangling him. *See* R. (25-5067) vol. 1 at 24–25 (portion of amended complaint describing the incident).

9

The summary judgment record establishes only that Officer Dobbertin and Officer Sanchez assisted in moving a detainee down a jail corridor to a holding cell, causing no injury. Mr. Savage has not met his burden to show the actions of either defendant were contrary to clearly established law, so the district court was correct to grant summary judgment on his claims.

### C.     No. 25–5082

The district court dismissed Mr. Savage's complaint against Officer Dobbertin and Officer Lowry for failure to timely effect service. "We review the district court's dismissal for untimely service for an abuse of discretion." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). "Under the abuse-of-discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (internal quotation marks omitted).

Mr. Savage does not show an abuse of discretion here. "It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Mr. Savage did not meet this responsibility, so he could not timely complete service, and the district court dismissed his complaint. On appeal, he faults the since-dismissed Sheriff Regalado for failure to provide initial disclosures under Fed. R. Civ. P. 26(a)(1) including an address where he could serve Officer Dobbertin

10

and Officer Lowry. But not only did Mr. Savage "cite[] no authority that would permit or require [the district court] to compel a former defendant, Sheriff Regalado, to disclose the addresses of two unserved defendants, both of whom are sued in their individual capacities," R. (25-5082) at 159, but also this proceeding was exempt from initial disclosures because Mr. Savage was an unrepresented prisoner, *see* Fed. R. Civ. P. 26(a)(1)(B)(iv).

He also argues his service on Sheriff Regalado should have been sufficient to effect service on Officer Dobbertin and Officer Lowry under Fed. R. Civ. P. 4(j)(2)(A), which permits service on "a *state*" (emphasis added) by "delivering a copy of the summons and of the complaint to its chief executive officer." But the district court had already dismissed Mr. Savage's official-capacity claims against Officer Dobbertin and Officer Lowry (in an order we do not have jurisdiction to review, *see supra* Part II.A), and his personal-capacity claims against the two officers were not subject to Rule 4(j)(2).

Mr. Savage's arguments do not leave us with a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in dismissing his complaint for failure to timely serve the defendants, so there was no abuse of discretion.

## III.   CONCLUSION

We affirm the judgments of the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge